The Matter of Johnny R. WOODS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9105–CR–133.

Court of Appeals of Indiana, Third District.

Sept. 23, 1991.

Robert P. Harper, Mitchell A. Peters, Harper & Rogers, Valparaiso, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

In July of 1984, appellant-defendant Johnny R. Woods was convicted of reckless homicide, a Class C felony, and sentenced to a 5–year term of imprisonment with 2 years suspended. Appellant was released on bond pending appeal. The conviction was affirmed in an unpublished opinion on June 6, 1985, and the decision was certified to the trial court on July 8, 1985. Due to a record-keeping error, appellant was not ordered to surrender to the trial court to begin serving his sentence until December 14, 1990. On January 18, 1991, appellant filed a motion for discharge which was denied after a hearing on February 1, 1991.

Appellant's sole claim on appeal is that the trial court erred in failing to discharge him after the 5½–year delay between the denial of his initial appeal and the order to surrender. He argues that public policy and justice require his discharge because he resided at the same address, remained steadily employed, and raised two children during the 5½–year period. However, the Indiana cases appellant cites in support of his position deal with delays in imposition rather than execution of sentences. *See, e.g., Taylor v. State* (1954), 233 Ind. 398, 120 N.E.2d 165; *Warner v. State* (1924), 194 Ind. 426, 143 N.E. 288. As the State notes, our Supreme Court has long held that delay in committing a defendant does not invalidate the committal. *Smith v. Howard* (1934), 206 Ind. 496, 497, 190 N.E. 169, 170; *see also Layne v. State* (1977), 172 Ind.App. 570, 575, 361 N.E.2d 170, 173. The trial court did not err in denying appellant's motion for discharge.

Affirmed.

GARRARD and BARTEAU, JJ., concur.