SMITH *v.* HOWARD.

[No. 25,972.   Filed May 4, 1934.]

*Charles M. Fortune,* for appellant.

*James M. Ogden,* Attorney-General, and *George W. Hufsmith,* Assistant Attorney-General, for appellee.

FANSLER, J.—On the 15th day of January, 1926, appellant was convicted of assault and battery and sentenced to pay a fine of $500.00 and committed to the Indiana State Farm for a period of six months.   He appealed to this court, and pending the appeal was admitted to bond.   On the 21st day of May, 1926, his appeal was dismissed, and the dismissal certified to the Vigo Circuit Court.   No action was taken by that court until the 15th day of October, 1930, when a mittimus was issued, committing him to the Indiana State Farm to serve the sentence theretofore imposed.   Upon his being committed he filed this action, and procured a writ of

*habeas corpus* to issue from the Putnam Circuit Court against appellee. There was judgment denying relief and remanding him to the custody of appellee.

Appellant assigns as error the overruling of his exceptions to appellee's return, and the overruling of his motion for new trial.

It is appellant's theory that a commitment may not issue after the time in which the sentence imposed would have expired if the commitment had been issued immediately upon the judgment becoming final, or, to put it another way, that the term of imprisonment under a criminal sentence begins to run when the judgment becomes final, and not when the serving of the sentence begins. All of the questions saved, and attempted to be saved, by appellant are based upon this one theory The only authorities cited by appellant are *Simington v. State* (1854), 5 Ind. 479; *Miller* v. *Snyder* (1854), 6 Ind. 1; and *Privett* v. *Pressley, Sheriff, et al.* (1878), 62 Ind. 491, but these cases are not in point. They involve the legality of a writ issued by a court without jurisdiction, and hold that the writ was void. Appellant evidently cites them upon the theory that where the writ is void, a writ of habeas corpus will issue, but he cites no authority supporting his contention that the writ here involved is void.

It is well settled in this state that delay in committing a defendant for an offense of which he has been convicted, or delay in issuing a commitment, even though the sentence could have been fully served at the time of actual issuance or committal, cannot and does not invalidate the committal. *Egbert v. Tauer, Mayor, et al.* (1922), 191 Ind. 547, 132 N. E. 370; *Pritchett v. Cox, Sheriff* (1900), 154 Ind. 108, 56 N. E. 20.

Appellee calls our attention to the fact that the special judge who tried the case released appellant from the

custody of appellee pending this appeal, and says he knows of no statutory authority or legal precedent for this action. §1200, Burns 1926, §3-1918, Burns 1933, §1033, Baldwin's 1934, provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the cases following:

Second. Upon any process issued on any final judgment of a court of competent jurisdiction."

The trial court properly decided that it could not discharge appellant, who was held in custody by appellee, upon a writ issued by a court of competent jurisdiction, and regular upon its face. Having so decided, we can conceive of no reason why it should reverse itself and interfere with the jurisdiction of the Vigo Circuit Court to enforce the carrying out of its judgment pending this appeal.

Judgment affirmed.