RONALD STEVEN LAYNE *v.* STATE OF INDIANA.

[No. 1-1176A217. Filed March 31, 1977.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—On March 13, 1974, the Vanderburgh Superior Court sentenced Ronald Steven Layne for an inde-

terminate period of not less than one (1) nor more than five (5) years following his conviction of aggravated assault and battery. Layne appealed the trial court's judgment in a decision reported at 164 Ind. App. 486, 329 N.E.2d 612. Subsequently, Layne petitioned for a rehearing on July 7, 1975. Rehearing was denied and Layne filed a petition to transfer on August 19, 1975, which was denied on December 10, 1975. Thereafter, the following pertinent events occurred.

| | |
|---|---|
| Opinion of the Court of Appeals certified to the trial court. | December 11, 1975 |
| Opinion of the Court of Appeals placed of record in the trial court. | December 19, 1975 |
| Trial court ordered parties into court for execution of sentence. | June 16, 1976 |
| Trial court ordered completion of supplemental pre-sentence investigation report. | June 23, 1976 |
| Trial court ordered execution of sentence. | June 29, 1976 |

Layne now appeals from the trial court's order presenting three issues for our review:

(1) Whether the trial court regained jurisdiction over the action after the Supreme Court denied transfer of the first appeal?

(2) Whether the trial court committed error in ordering the execution of sentence on June 29, 1976?

(3) Whether the trial court should have discharged the defendant?

We affirm.

Initially, Layne contends that the trial court did not regain jurisdiction over the action because the trial court did not receive official notice from the Supreme Court that his petition for transfer had been denied. We find no merit in this contention.

Rule 3(A) of the Indiana Rules of Appellate Procedure provides that the appellate tribunal acquires jurisdiction when the record is filed with the Clerk of the Supreme Court

and Court of Appeals. The trial court immediately loses all jurisdiction over the action when an appeal is perfected. *Lake County Dept. of Public Welfare* v. *Roth* (1961), 241 Ind. 603, 174 N.E.2d 335, After the Court of Appeals renders its opinion, it retains jurisdiction so that it can entertain any petition for rehearing which may be filed within twenty days, pursuant to Appellate Rule 11(A).

Appellate Rule 11 prescribes procedure for transfer of a cause to the Supreme Court. Section (B)(4) of Appellate Rule 11 provides:

> "The denial of a petition to transfer shall have no legal effect other than to terminate the litigation between the parties in the Supreme Court."

In considering the events of the case at bar, we find that denial of the petition to transfer terminated jurisdiction over the cause in the Supreme Court and reconferred jurisdiction in the trial court so that the trial court could comply with IC 1971, 35-1-47-14 (Burns Code Ed.):

> "On a judgment of affirmance, against the defendant, the original judgment must be carried into execution as the court to which the appeal is taken may direct."

Layne contends the trial court had no notice that his appeal had been completed. Reference to the Indiana Rules of Appellate Procedure indicates that the trial court did have notice. Appellate Rule 15[1] perspicuously provides that no opinion of the Court of Appeals will be certified to the trial court

---

1. Appellate Rule 15(A), as it appeared in 1975:

"(A) Opinions and certifications of opinions. The clerk shall send an uncertified copy of the opinion or opinions of the Court of Appeals or Supreme Court to the attorneys of record at the time the opinion on appeal is handed down.

"Opinions and decisions shall not be certified to the court below by the clerk of this court until the expiration of the time within which a petition for a rehearing may be filed and a petition for transfer may be filed, except upon a filing of a waiver in such a case. Upon the denial of a petition for a rehearing, in event no petition to transfer is filed within the time allowed the clerk of this court shall thereupon certify the opinion to the court below, at the expiration of such time. In event a petition to transfer is filed the opinion shall be certified upon the denial of such petition to transfer; if the petition to transfer is granted no opinion shall be certified until the final disposition of the case in the Supreme Court."

until: (1) the time expires for filing a petition for rehearing and petition to transfer; or, (2) a filed waiver indicates no such petitions will be filed; or, (3) the Court of Appeals acts upon any petition for rehearing and the Supreme Court acts upon any petition to transfer. The Clerk of the Supreme Court and Court of Appeals duly certified the opinion of the Court of Appeals on December 11, 1975. The opinion was placed of record in the trial court December 19, 1975.

We must therefore conclude that the trial court had jurisdiction to execute the sentence imposed upon Layne.

Layne next contends that the execution of sentence ordered on June 29, 1976, was commensurate to a "resentencing or sentencing de novo". He therefore argues that the trial court failed to comply with the requirements for a speedy trial and the provisions of Rule 11 of the Indiana Rules of Criminal Procedure.

> Layne acknowledges in his brief that his reliance upon the dictates for a speedy trial is not well-founded. We quote from the opinion in *Alford* v. *State* (1973), 155 Ind. App. 592 at 596, 294 N.E.2d 168 at 170:

> "Alford contends that Rule CR. 4(A) and (B) of the Indiana Rules of Criminal Procedure, and cases relating to a right to speedy trial are applicable to sentencing. We reject this contention. Rules 4(A) and (B) refer only to defendants who are in jail awaiting trial and who are, therefore, presumed innocent."

Layne was found guilty by the jury and sentenced by the trial court. Compliance with speedy trial requirements obviously is not an issue in the case at bar.

Layne maintains that on June 29, 1976, the trial court did not execute the sentence imposed before his appeal but instead resentenced him. He contends that his resentencing violates Criminal Rule 11[2] and IC 1971, 35-8-1A-2 (Burns

---

2. Criminal Rule 11:
   "In all courts of superior jurisdiction having general jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty (30) days of the finding or verdict of guilty. * * *"

Code Ed,),[3] which provide for sentencing within thirty days of conviction.

The record shows that the trial court sentenced Layne before he appealed his conviction. The trial court's order on June 16, 1976, ordered the parties to appear for "execution of sentence." We quote from the transcript of the June 29, 1976, proceedings:

> "[T]he Court having previously indicated that, in this case, the defendant was sentenced to the Department of Correction[s] for an indeterminate period of not less than one nor more than five years, and that then having been interrupted by the Appellate process, the Court is now going to remand the defendant, Ronald Steven Layne, to the custody of the Vanderburgh County Sheriff for execution of the sentence. * * *."

The trial court's order entered June 29, 1976, likewise referred to "execution of sentence."

Layne emphasizes that the trial court ordered a supplemental presentence investigation report on June 23, 1976. More than two years had passed since the trial court sentenced Layne; during that time, Layne remained free on bond. IC 1971, 35-8-1A-15 (Burns Code Ed.) requires the court to send a copy of the presentence investigation report to the Department of Correction. This statute evinces a purpose for the report which warrants the supplementation ordered after sentencing.

We find that on June 29, 1976, the trial court did not resentence Layne; instead, it properly executed the sentence imposed before Layne appealed his conviction.

Finally, Layne contends that he should have been discharged because he was not timely sentenced or committed as required by statute.

---

3. IC 1971, 35-8-1A-2 (Burns Code Ed.):
"Upon entering a conviction the court shall set a date for sentencing within thirty [30] days, unless for good cause shown an extension is granted. * * *"

Layne's argument that he was not timely sentenced is premised upon the contention that he was resentenced on June 29, 1976. As stated in the preceding portion of this opinion, we find that Layne was not resentenced on June 29, 1976.

Although the opinion of the Court of Appeals was certified December 11, 1975, and placed of record in the trial court December 19, 1975, the trial court did not order the sentence executed until June 29, 1976. This delay did not amount to reversible error, however.

In *Smith* v. *Howard* (1934), 206 Ind. 496, 190 N.E. 169, defendant was convicted of assault and battery and sentenced to serve six months at the Indiana State Farm. He was released on bond pending appeal. Dismissal of his appeal was certified to the trial court on May 21, 1926, but the trial court did not order the sentence executed until October 15, 1930. When defendant argued that the commitment was not proper because of the delay, the Supreme Court of Indiana stated:

"It is well settled in this state that delay in committing a defendant for an offense of which he has been convicted, or delay in issuing a commitment, even though the sentence could have been fully served at the time of actual issuance or committal, cannot and does not invalidate the committal." 206 Ind. 496 at 497, 190 N.E.2d 169 at 170.

In summary, we find that the trial court had jurisdiction and acted in compliance with the law at all times referred to by Layne. We find no reversible error.

The judgment of the trial court is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 361 N.E.2d 170.