Danny Lee PETRO, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 685S255.

Supreme Court of Indiana.

April 13, 1987.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

In this direct appeal, Defendant-Appellant Danny Lee Petro claims solely that the trial court erred in denying his Motion to Dismiss Amended Count II, and subsequently in sentencing him to thirty-five years imprisonment following a retrial of the habitual offender charge. He claims the sentence constitutes punishment for his status as an habitual offender, which violates the prohibition of the Eighth Amendment to the United States Constitution.

This case was first tried on November 21, 1981. The jury found Defendant guilty of Robbery, a class C felony, on Count I. The same jury found Defendant to be an habitual offender as alleged in Count II. The trial court imposed a sentence of five (5) years on Count I, the robbery conviction, and thirty (30) years on Count II, the habitual offender finding, with the "first sentence to run consecutive to the second."

On August 17, 1984, because one of the underlying convictions relied on by the State had been set aside, the trial court granted Defendant's Motion to Correct Erroneous Sentence. The judgment and sentence for the habitual offender charge in Count II were set aside and a new trial on Count II was ordered. Before the retrial of amended Count II, Defendant filed a Motion to Dismiss. Defendant contended that because he had already served his time on Count I and been discharged from imprisonment on the sentence for robbery, there no longer was any sentence which could be enhanced by the habitual offender statute. Apparently because of the erroneous manner in which the trial court had imposed the sentence, Counts I and II had been treated as separate commitments and the sentence on Count I had been served by Defendant. The trial court denied the Motion to Dismiss and Defendant was tried and again found to be an habitual offender. In the second sentencing, the trial court imposed a thirty-five year sentence on amended Count II and granted Defendant credit for all time served to that date. The trial court corrected the sentencing to show

that Defendant was convicted of robbery for which a term of five years was imposed enhanced by thirty years for the habitual offender finding, for a total of thirty-five years.

 Appellant claims that the resentencing actually amounted to his being sentenced for being an habitual offender since the term for the underlying felony had already been served. This issue has already been decided by this Court adverse to Appellant's position. *Denton v. State* (1986), Ind., 496 N.E.2d 576, *reh. denied; Gipson v. State* (1986), Ind., 495 N.E.2d 722. Being a habitual offender is not a separate crime but rather a status requiring the trial judge to enhance a penalty already given. *Meiher v. State* (1984), Ind., 461 N.E.2d 115, 117; Ind.Code Ann. § 35–50–2–8 (Burns Supp.1985). In *Gipson*, the trial judge had also improperly sentenced the defendant. The defendant had served all the time on the underlying felonies and was serving the thirty-year enhancement of the habitual offender finding when the trial court corrected the sentence. We found in *Gipson* the error in the original sentence was merely a procedural error that could be corrected by the trial court at any time. Ind.Code Ann. § 35–38–1–15 (Burns 1985). An erroneously imposed sentence does not render the sentence void but requires the trial court to correct the sentence after giving notice to the parties and holding a hearing. The resentencing here, as in *Gipson*, did not affect any of Appellant's legitimate expectations concerning his sentence. In *Denton*, this Court held that a defendant was not placed in double jeopardy by being retried on the issue of habitual offender status following the setting aside of the original finding because a felony conviction originally relied on was vacated. We further felt it proper for the State to amend the habitual offender indictment by including a felony conviction which was not al-

leged in the original charge. Appellant therefore presents no reversible error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.