**The Matter of Johnny WOODS,
Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S03–9201–CR–24.**

Supreme Court of Indiana.

Jan. 14, 1992.

Robert P. Harper, Mitchell A. Peters, Harper & Rogers, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

## ON CRIMINAL PETITION
## TO TRANSFER

GIVAN, Justice.

The Court of Appeals affirmed the trial court's decision to order an executed sentence for appellant even though it had been five and one-half (5½) years since that court had denied his original appeal and had certified the denial to the trial court. *See Woods v. State* (1991), Ind.App., 578 N.E.2d 715. We recognize that both the trial court and the Court of Appeals followed what appeared to be the existing law in Indiana concerning delays in the execution of a sentence in Indiana. *See Smith v. Howard* (1934), 206 Ind. 496, 190 N.E. 169.

In the *Smith* case, this Court held that a four and one-half year delay from the time of certification of the termination of the appeal to the trial court until the trial court ordered execution of the sentence did not deprive the trial court of the jurisdiction to commit the defendant to the Indiana State Farm for imprisonment.

In 1954, this Court addressed a similar situation in the case of *Taylor v. State* (1954), 233 Ind. 398, 120 N.E.2d 165. The difference in *Taylor* and *Smith* was that whereas Smith had already been sentenced and the trial court was awaiting the outcome of his appeal to issue the writ of mittimus, in the *Taylor* case, after a finding of guilty on July 12, 1952, the matter was held in abeyance until April 18, 1953, at which time the trial court purported to sentence appellant to a ten (10) to twenty (20) year term. Judge Flanagan speaking for the majority after holding that such a delay deprived the court of jurisdiction to sentence Taylor, stated: "An American citizen is entitled to live without a Damocles sword dangling over his head." *Id.* at 402, 120 N.E.2d 165.

Although the *Smith* case reaches an opposite result, the State argues that it does so on a different set of facts. This we acknowledge; however, the principle of law stated in *Taylor* has a logical application to the situation in the case at bar. Although

it is obvious that following an appeal a trial court should have a reasonable time within which to issue a writ of mittimus upon the commitment and sentence of an appellant, it appears to us that a five and one-half (5½) year delay in so doing is an inequitable application of the law.

The facts in this case are: While appellant was driving a friend's automobile with his former girlfriend and two male companions, a gun was somehow fired killing the woman. Throughout the proceeding appellant claimed the shooting was an accident. However, the jury convicted him of reckless homicide, a Class C felony. The trial judge sentenced appellant to five (5) years in prison with two (2) years suspended with the provision that appellant be placed on probation at the end of the three (3) years he was to serve.

At the hearing which led to this appeal, the State cited *State ex rel. Eric Abel v. Vigo Circuit Court* (1984), Ind., 462 N.E.2d 61 for the proposition that the trial court did not have jurisdiction to change the sentence after the expiration of the statutory 180 days following sentencing. However, as argued by counsel for appellant, this is not a case of appellant asking the trial court to alter his sentence; rather it is an attempt by the appellant to apply the principles stated in *Taylor, supra* to the situation in the case at bar. He is not asking for an alteration of the sentence but is asking for a discharge based on undue delay in carrying out the sentence.

It is the opinion of this Court that the principles set forth in *Taylor, supra* are equally applicable to the situation in the case at bar. Through no fault of appellant, the State delayed the commencement of his sentence for more than five and one-half (5½) years. Thus as Judge Flanagan stated in *Taylor*, the sword of Damocles dangled over the head of appellant for that five and one-half (5½) year period. We hold that the trial court in fact lost jurisdiction over appellant by reason of this undue delay and that the motion for discharge

should have been granted. The principles set forth in *Smith, supra* are hereby modified to the extent that we now hold a court loses jurisdiction if it does not act within a reasonable time after the certification of the affirmance of a conviction.

 We further would point out that art. 7, § 4 of the Indiana Constitution provides, in part: "The Supreme Court shall have, in all appeals of criminal cases, the power to review all questions of law and to review and revise the sentence imposed."

In the case at bar, we have examined the record and find the statements of the trial judge to indicate that although he felt equity might be on the side of appellant, he felt bound by the law set forth in *Smith, supra* which required him to order the execution of the sentence by issuing the writ of mittimus. The trial judge further pointed out that prior to the incident in question appellant had no criminal record and that for the five and one-half (5½) years after his appeal had been terminated he provided for his two children and had no further entanglements with the law.

It further was pointed out that during the interim appellant has developed high blood pressure and some difficulties with his heart. In acknowledging these facts, the trial judge appeared to be reluctant to commit appellant to the Department of Correction but felt that he had no choice. The Court of Appeals opinion seems to follow the same vein. We feel that this is the type of situation the drafters of the Indiana Constitution had in mind when they included the language quoted above concerning the revision of sentences.

We therefore hold that within that constitutional provision we have the duty to examine the sentence ordered executed by the trial court in this case and find that the execution of the sentence in fact does violate the principles of equity and the requirements of prompt action on the part of the State in discharging its duties in criminal cases.

We therefore hold that appellant's commitment to the Department of Correction should be set aside and the appellant discharged.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.