Floyd P. POORE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A05–9502–PC–42.

Court of Appeals of Indiana.

Jan. 22, 1996.

1. *Allen v. United States* (1896), 164 U.S. 492, 17   S.Ct. 154, 41 L.Ed. 528.

Gregory V. Caldwell, Noblesville, for appellant.

Pamela Carter, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Floyd P. Poore challenges his adjudication as an Habitual Offender[1]. Specifically, Poore alleges: 1) he was denied his Ind.Crim.Rule 4(B) right to a speedy trial, 2) the trial court's enhancement of his sentence because of his status as an habitual offender was erroneous because he had already served his sentence for the predicate felony; 3) he was denied the effective assistance of counsel; 4) his retrial on the habitual offender conviction was barred by double jeopardy; and 5) he was not arraigned on the habitual offender charge.

### FACTS

On October 20, 1983, Poore was convicted of Aiding in Burglary[2], a Class B felony, and Theft[3], a Class D felony. The next day, the State presented evidence that Poore had four previous felony convictions. As a result, Poore was adjudicated as an habitual offender and sentenced to a total of fifty-four years imprisonment. Poore appealed his convictions for aiding in burglary and theft, which were reversed by our Supreme Court in *Poore v. State* (1986), Ind., 501 N.E.2d 1058.

On retrial, Poore was convicted of aiding in burglary, and, on the basis of two of his previous felony convictions, was again adjudicated as an habitual offender. On November 20, 1987, the trial court sentenced Poore to twenty years for his aiding in burglary con-

---

1. IND.CODE § 35–50–2–8.

2. IND.CODE § 35–41–2–4.

3. IND.CODE § 35–43–4–2.

viction, enhanced by thirty years for his conviction as an habitual offender. Thereafter, Poore filed a petition for post-conviction relief, asserting that one of the two underlying felonies relied upon for his habitual offender conviction had been vacated. On April 11, 1994, the trial court vacated Poore's habitual offender enhancement.

On August 9, 1994, the State again retried Poore on the habitual offender count based upon his three remaining previous felony convictions. A jury found Poore to be an habitual offender on August 10, 1994, and the trial court enhanced his previous twenty-year sentence for aiding in burglary by thirty years, for a total of fifty years imprisonment.

## DISCUSSION AND DECISION

### I. Speedy Trial

█ Poore first contends that he was denied his right to a speedy trial as guaranteed by Crim.R. 4(B). Specifically, Poore claims the trial court erred by setting the date of and holding his retrial on the habitual offender count more than seventy days after he requested a speedy trial.

Crim.R. 4(B) provides:

If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion . . .

Generally, this rule requires the State to bring a defendant to trial within seventy days in the absence of some delay caused by the defendant. Schuck v. State (1980), Ind. App., 412 N.E.2d 838, 840. Poore, however, is not entitled to the benefits of Crim.R. 4(B).

█ An habitual offender determination does not constitute a conviction for a separate offense; rather, it is a determination which results in an enhancement of the sentence imposed for a conviction of an underlying felony. As such, the determination occurs during a defendant's sentencing, and not during the trial for the underlying offense. This court has held that the Crim.R. 4 speedy trial requirements are not applicable to sentencing. Alford v. State (1973), 155 Ind.App. 592, 596, 294 N.E.2d 168, 170, rev'd on other grounds by Holland v. State (1976),

265 Ind. 216, 352 N.E.2d 752 (defendant who pled guilty and was no longer presumed innocent was not entitled to invoke speedy trial rules while awaiting sentencing); Layne v. State (1977), 172 Ind.App. 570, 573, 361 N.E.2d 170, 172 (defendant who is provisionally sentenced prior to his appeal and is finally sentenced following his appeal is not entitled to relief pursuant to Crim.R. 4 for the delay in final sentencing).

█ Notwithstanding the fact that an habitual offender determination occurs during sentencing, previous decisions of this court have elevated the status of an habitual offender determination beyond a mere sentencing issue. For example, we have held that the State is required to prove a defendant's habitual offender status during an evidentiary hearing by proof beyond a reasonable doubt. Lingler v. State (1994), Ind. App., 635 N.E.2d 1102, 1108, vacated in part on other grounds (1994), Ind., 644 N.E.2d 131. We have further held that, should the State fail to meet this burden, double jeopardy forbids a second trial on this issue. Id. We have also held that a defendant facing the possibility of an habitual offender enhancement is entitled to the rights enumerated in IND. CODE § 35–35–1–2, including the right to be informed that a plea of guilty waives the defendant's right to an habitual offender determination. Snyder v. State (1995), Ind.App., 654 N.E.2d 15, 19. Our willingness to elevate an habitual offender determination in this manner, however, should not be interpreted as an accession that a defendant in such proceedings is entitled to all of the rights to which defendant engaged in a trial on the underlying offense is entitled. Specifically, we refuse to find that a defendant whose habitual offender determination is being retried is entitled to a Crim.R. 4(B) speedy trial.

There are several reasons for our refusal to elevate an habitual offender determination to the status of a trial for purposes of Crim.R. 4(B). First, Crim.R. 4(B) expressly limits its remedies to a "defendant held in jail on an indictment or an affidavit. . . ." In habitual offender determinations, the defendant is generally being held because of his

conviction for the underlying felony. Thus, the rule, which provides for the discharge of a defendant who requests an early trial but is not tried within 70 days, is inapplicable. Second, we find the purposes behind the speedy trial rule are inapplicable to an habitual offender determination. Crim.R. 4(B) is intended to ensure a defendant is not denied his right to a speedy trial under the 6th Amendment to the U.S. Constitution. We have held, however, that a violation of the speedy trial rules does not necessarily indicate a violation of the defendant's constitutional rights. *Hornaday v. State* (1994), Ind. App., 639 N.E.2d 303, 311, *trans. denied.* Additionally, the speedy trial rules are intended to protect against the possibility of lost evidence or fading memories. *Alford,* 294 N.E.2d at 171. In an habitual offender determination, however, the evidence is limited to proof of a defendant's two prior felony convictions. Thus, lost evidence and fading memories of witnesses are not a factor, and, to the extent that they are a factor, they inure to the benefit of the defendant.

Finally, unlike the dissent, we do not find persuasive the fact that this court has consistently referred to habitual offender proceedings as "trials." As we have stated in the past, calling a rooster an eagle does not make the rooster an eagle. *Indiana Republican State Com. v. Slaymaker* (1993), Ind.App., 614 N.E.2d 981, 983, *trans. denied.* An habitual offender determination, although it contains some aspects similar to a trial, is a part of a defendant's sentencing. Thus, labeling the determination a trial does not make it a trial, with all of a trial's attendant due process safeguards.

▆▆ Because Crim.R. 4(B) was not applicable to Poore's retrial on the habitual offender count, the State was only required to retry Poore within a reasonable time. *State ex rel. Brumfield v. Perry Circuit Court* (1981), Ind., 426 N.E.2d 692, 695. Here, Poore was retried within four months after his habitual offender conviction was vacated. Thus, we find Poore was tried within a reasonable time and was not denied his right to a speedy trial.

---

4. Although Poore had only served eleven years of his twenty year sentence, he argues that given his

## II. Enhancement of Predicate Felony Sentence

Poore claims that the trial court could not enhance his sentence for aiding in burglary based upon the finding that he was an habitual offender after he had already served his original sentence for that conviction[4].

▆▆ A conviction as an habitual offender results in an enhancement of the original sentence rather than a separate sentence. *Williams v. State* (1986), Ind.App., 494 N.E.2d 1001, 1003, *trans. denied, cert. denied* 481 U.S. 1054, 107 S.Ct. 2191, 95 L.Ed.2d 846. Thus, even where the habitual offender determination is made subsequent to the defendant's underlying conviction, the enhancement is an integral part of the sentence imposed for the felony conviction. *Id.* Therefore, Poore cannot argue that he has completed his sentence for aiding in burglary, as the habitual offender enhancement is part of his sentence for that crime. *See Petro v. State* (1987), Ind., 506 N.E.2d 467 (trial court did not err in resentencing the defendant on a habitual offender count after he had already served his sentence for the predicate felony, because the habitual offender count was not a separate crime, but was merely a status requiring the judge to enhance the penalty already given). Thus, we find no error.

## III. Effective Assistance of Counsel

Next, Poore argues he was denied the effective assistance of counsel. Specifically, Poore claims his appointed counsel had insufficient time to prepare his defense.

On July 12, 1994, Poore requested the court to appoint an attorney to represent him during the retrial of the habitual offender count, which was set to begin on August 9, 1994. The court appointed counsel for Poore on August 1, 1994. Poore asserts that eight days was insufficient time for his court appointed counsel to prepare for trial.

▆▆ When presented with the issue of ineffective assistance of counsel, we apply the

---

credit accrued for good time served, he had effectively served twenty-two years.

two-step standard of review set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. We look first to see whether counsel's performance was deficient, that is, outside the wide range of professional competence. We indulge a strong presumption that counsel's performance was not deficient. *Id.* If we find counsel's performance was deficient, we must then determine whether the defendant was prejudiced by the deficient performance. *Id.*

In the instant case, Poore does not argue which aspects of his counsel's representation were deficient or how he was prejudiced by the deficiency, beyond his mere assertion that eight days was not sufficient time for his counsel to prepare for trial. We have held that a risk of inadequate representation, without actual proof of inadequate representation, is not sufficient to support a claim of ineffective assistance. *Underwood v. State* (1987), Ind., 515 N.E.2d 503, 505. Further, the adequacy of time allowed for a counsel's preparation for trial is determined on a case-by-case basis considering the totality of the circumstances, including the complexity of the issues, the necessity for pre-trial motions, the necessity to interview witnesses and whether the defendant is available to assist in the preparation of his defense. *Jones v. State* (1978), 175 Ind.App. 343, 346, 371 N.E.2d 1314, 1316. Here, the record reveals that Poore's counsel took steps to adequately prepare for trial, including reviewing the State's file, examining rulings on motions previously filed by Poore, and filing a motion to dismiss with accompanying memorandum. Record at 107, 109, 114. Additionally, counsel met with Poore, argued pretrial motions, and defended Poore throughout the trial. Given the lack of complexity of habitual offender trials and the fact that this was the second retrial on this count, we find that Poore has failed to show that he was denied the effective assistance of counsel.

### IV. Double Jeopardy

Poore argues the trial court violated the prohibition against double jeopardy when it retried him on the habitual offender charge. His argument is based on his habitual offender conviction in 1987 in which the jury indicated on its verdict form that it was relying specifically on two of Poore's four previous felony convictions to support its determination that Poore was an habitual offender. Because the jury did not make any findings regarding Poore's other two prior felony convictions, Poore argues that the 1987 jury effectively acquitted him of these other two underlying felonies for purposes of supporting an habitual offender enhancement; therefore, the State's retrial of him based on those underlying felonies amounted to placing him on trial twice for the same crimes. Poore is mistaken.

A jury's refusal to convict a defendant as an habitual offender based on prior felonies does not amount to an acquittal of those felonies for purposes of future habitual offender proceedings. *See Kindred v. State* (1989), Ind., 540 N.E.2d 1161, 1181. Thus, here, the jury's failure to include two of Poore's previous felonies on its special verdict forms did not constitute an acquittal of those crimes for purposes of retrial in the same proceedings. Accordingly, the trial court did not err when it permitted the 1994 jury to consider all of Poore's previous convictions in determining his habitual offender status, and Poore's retrial was not barred by the principle of double jeopardy[5].

### V. Arraignment

Finally, Poore contends that the trial court failed to arraign him on the habitual offender charge which denied him the opportunity to explore the accuracy of the allegations against him for purposes of preparing his defense.

---

**5.** Additionally, Poore argues that his retrial is barred by double jeopardy because his habitual offender conviction was vacated due to insufficient evidence. However, when an habitual offender conviction is set aside because one of its underlying felonies is vacated, double jeopardy does not prohibit the readjudication of a defendant's habitual offender status. *Gilliam v. State* (1990), Ind., 563 N.E.2d 94, 95–96. Here, the record is clear that Poore's habitual offender conviction was vacated because one of the prior unrelated felonies underlying the conviction was vacated. R. at 26. Thus, the State was entitled to retry Poore.

■ During a pre-trial proceeding prior to Poore's retrial on the habitual offender count, the trial court offered to read the habitual offender information to Poore. R. at 317–18. Poore, however, declined the trial court's invitation. Thus, Poore has waived any error in the trial court's failure to hold an arraignment on the habitual offender charge. *See Hall v. State* (1994), Ind.App., 634 N.E.2d 837, 841 (defendant's approval or acquiescence in trial court's actions waives any error in those actions).

■ Moreover, we find it incredible that Poore now claims he did not have the opportunity to explore the accuracy of the allegations against him and prepare a defense for his third trial on the habitual offender count. Clearly, by the time of Poore's third trial on the habitual offender count, Poore knew of the State's allegations against him and had been provided with ample opportunity to prepare a defense to those allegations. We find no reversible error.

Judgment affirmed.

NAJAM, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

On April 11, 1994, the trial court vacated the earlier habitual offender determination and the sentence enhancement which resulted therefrom. On May 10, 1994, Poore filed his request for a speedy trial upon the revitalized habitual charge. On May 16, 1994, the court set the matter for trial on August 9, 1994. Poore objected to that trial date on June 6, 1994. The objection was overruled and notwithstanding Poore's request for discharge filed July 19, 1994, upon grounds that the 70 day period had expired, the court proceeded to trial on August 9, 1994.

The majority opinion holds that Crim.R. 4(B) is not applicable to an habitual offender determination because that determination is a matter of sentencing. I respectfully disagree.

The habitual offender determination is a determination of status and does not constitute a conviction of a separate offense. Its effect, therefore, is felt with regard to the sentence imposed for the underlying felony. It is not, however, strictly a matter of sentencing which is left to the sole discretion of the trial court. The habitual offender charge involves factual determinations which are within the prerogative of the trier of fact. The controlling statute, I.C. 35–50–2–8(d), clearly requires that the habitual offender status must be proved by the state beyond a reasonable doubt. If the felony charges were submitted for trial by jury, the habitual determination is likewise made by the jury. I.C. 35–50–2–8(c).

*Layne v. State* (1977) 172 Ind.App. 570, 361 N.E.2d 170, relied upon by the majority, was a pure sentencing issue involving only the imposition of a sentence already imposed. Furthermore, the case upon which *Layne* relied, *Smith v. Howard* (1934) 206 Ind. 496, 190 N.E. 169, also a pure sentencing matter, was effectively overruled by *Woods v. State* (1992) Ind., 583 N.E.2d 1211. Again, however, those cases involve pure sentencing issues and did not involve the application of the right to speedy trial. In *Bell v. State* (1993) Ind., 622 N.E.2d 450, our Supreme Court extensively discussed the sufficiency of the evidence to prove the habitual offender charge although it reversed that determination for trial error, rather than evidence insufficiency. In doing so the court noted that double jeopardy considerations did not therefore preclude "retrial" of the habitual offender charge. Although the *Bell* court noted that "a new sentencing hearing" was permissible it clearly stated that such hearing involved "retrial of the habitual offender charge." 622 N.E.2d at 456.

The majority states that C.R. 4(B) is inapplicable, in large measure because "in habitual offender determinations, the defendant is generally being held because of his conviction for the underlying felony." Op. at 595. This position has superficial appeal because the defendant is indeed usually under confinement for the underlying conviction. The fact remains, however, that he is being held upon the habitual charge as set forth in the indictment or information. *See Cash v. State* (1990) Ind., 557 N.E.2d 1023. He is, without question, being held to answer to the habitu-

al offender charge. Until that issue is resolved, his sentence and commitment upon the underlying conviction remains *in fieri*.

Because an unresolved habitual offender charge must be resolved by trial or retrial, it is not a pure sentencing matter and in terms of a retrial, a new speedy trial motion filed under Crim.R. 4(B) entitled the defendant to retrial within 70 days. *State v. Roth* (1992) 2d Dist.Ind.App. 585 N.E.2d 717. The majority accurately observes that not every failure to bring a defendant to trial within the time constraints of C.R. 4(B) is a *per se* deprivation of constitutional rights. *Hornaday v. State* (1994) Ind.App., 639 N.E.2d 303. Nevertheless, Poore was entitled to be discharged when he was not retried upon the habitual offender charge within 70 days of his motion.

I would reverse and remand with instructions to vacate and set aside the habitual offender determination and the resultant sentence enhancement.