**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**JENNIFER A. JOAS**
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CALVIN MERIDA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  69A01-1203-CR-110 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE RIPLEY CIRCUIT COURT
The Honorable Carl H. Taul, Judge
Cause No.  69C01-1012-FA-8

**October 23, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Calvin Merida ("Merida") pled guilty to and was convicted of two counts of Child Molesting, as Class A felonies.[1]  He now appeals his sentence.

We reverse and remand with instructions.

**Issue**

Merida raises two issues for our review, which we restate as a single issue: whether his sentence is inappropriate.

**Facts and Procedural History**

Merida married his wife, J.M., who at the time of their marriage had a daughter, R.M., from a prior relationship.  Merida adopted R.M. as his daughter.  On at least two occasions during the period from 2001 to 2007, Merida performed or submitted to sexual intercourse or deviate sexual conduct with R.M. while he was at least twenty-one years of age and R.M. was less than fourteen years of age.[2]

On December 20, 2010, the State filed charges against Merida for eight counts of Child Molesting, as Class A felonies, with each separate count pertaining to one year from 2000 to 2007.  On December 21, 2010, the State moved to amend its charging information to add counts Nine and Ten.  Count Nine alleged that Merida had committed Child Molesting,

---

[1] Ind. Code § 35-42-4-3(a).

[2] To the extent the parties rely upon averments in the probable cause affidavits submitted in support of the charging informations, we observe that there is nothing in the record that indicates whether the parties stipulated to the facts as set forth in the affidavits, we lack a copy of the transcript of the hearing in which Merida entered his guilty plea, and the trial court does not appear to have based its sentencing decisions on the affidavits.  We therefore set forth the facts and review Merida's appeal based upon the limited record now before us.

as a Class A felony, during the period from January 1, 2001 to November 1, 2001. Count Ten alleged that Merida had committed Child Molesting, as a Class A felony, during the period from December 1, 2001 to December 31, 2007.[3]

On November 28, 2011, the State moved to dismiss the eight original counts, and a jury trial as to Counts Nine and Ten was scheduled for November 30, 2011. After a jury was empanelled but before evidence was offered, Merida pled guilty to Counts Nine and Ten.

On January 30, 2012, a sentencing hearing was conducted. At its conclusion, the trial court entered judgments of conviction against Merida and sentenced him to thirty years imprisonment for each of the two counts, with the sentences run consecutively for an aggregate term of imprisonment of sixty years.

This appeal ensued.

### Discussion and Decision

Merida challenges the appropriateness of his sentence. Specifically, he directs our attention to 1) the trial court's use of the emotional impact of his offense upon R.M. as an aggravating factor at sentencing, and 2) the trial court's decision to run the two terms of imprisonment consecutively to one another. He therefore asks that we revise his sentence pursuant to our independent authority to review sentences under the Indiana Constitution and Appellate Rule 7(B).

In Reid v. State, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:

---

[3] Counts Nine and Ten reflect a change in address of the family home in November 2001.

Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

Our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. One purpose of appellate review is to attempt to "leaven the outliers." Id. at 1225. "Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224.

Here, Merida was convicted of two counts of Child Molesting, as A felonies. The sentencing range for each offense runs from twenty to fifty years imprisonment, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. The trial court sentenced Merida to the advisory sentence of thirty years for each offense with the sentences to run consecutively, yielding an aggregate term of imprisonment of sixty years.

Taking into account the nature of Merida's offense and his character, we cannot conclude that the sixty-year aggregate term of imprisonment is appropriate here. Merida pled guilty to two counts of Child Molesting over the course of a nearly seven-year period. There

4

is no evidence that Merida's conduct itself was particularly violent or in any other way more severe than that contemplated by the legislature in setting an advisory sentence. However, Merida was R.M.'s adoptive father and therefore held a position of trust and care with the victim. In addition, the presentencing investigation report included a statement from J.M. that "as a result of the offenses becoming known, [R.M.] suffers from life-altering anxiety" that forced R.M. to withdraw from school and precluded her from leaving her home with friends or even taking phone calls from friends. (App. at 175.)

With respect to his character, Merida has no prior criminal history, graduated from high school, obtained some additional education through correspondence training, and maintained consistent and generally well-paid employment. Merida pled guilty after the jury was empanelled and before the presentation of evidence, but did so without the presence of a plea agreement.

Under these circumstances, we cannot conclude that the nature of Merida's offense and his character warrant the sixty-year aggregate term of imprisonment assessed by the trial court. In light of our role to "leaven the outliers," Cardwell v. State, 895 N.E.2d at 1222, and the relative equipoise of the trial court's assessment of the aggravating and mitigating factors, we exercise our independent power under Appellate Rule 7(B) to revise Merida's sentences. We therefore reverse the trial court's sentencing order and remand with instructions to revise the sentencing order to run his two thirty-year sentences concurrent to one another, for an aggregate thirty-year term of imprisonment.

Reversed and remanded with instructions.

RILEY, J., concurs.

CRONE, J., concurs in part and dissents in part, with opinion.

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CALVIN MERIDA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 69A01-1203-CR-110 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**CRONE, Judge, concurring in part and dissenting in part**

I agree with the majority's determination that Merida's sixty-year aggregate sentence is inappropriate in light of the nature of the offenses and his character. I also agree with its determination that the thirty-year advisory sentence on each count is appropriate. Nevertheless, I respectfully disagree with the majority's decision to "run [Merida's] two thirty-year sentences concurrent to one another, for an aggregate thirty-year term of imprisonment." Slip op. at 5-6. In the words of the *Cardwell* court, I believe that "additional criminal activity directed to the same victim should not be free of consequences," 895 N.E.2d

7

at 1225, and therefore I would remand with instructions to revise Merida's sentence such that eight years of the thirty-year sentence on count 10 would run consecutive to the thirty-year sentence on count 9 and the remainder would run concurrent, for a total executed sentence of thirty-eight years.[4]

In *Hull v. State*, 799 N.E.2d 1178 (Ind. Ct. App. 2003), another panel of this Court disapproved of a similarly structured sentence for two counts of murder,[5] stating,

> "When a sentence is imposed, the commencement of that sentence cannot be delayed absent specific statutory authorization[.]" *Erby v. State*, 511 N.E.2d 302, 304 (Ind. 1987); *see also Woods v. State*, 583 N.E.2d 1211, 1212-13 (Ind. 1992) (concluding that five and one-half year delay in commencement of sentence violated the principles of equity and the requirements of prompt action by the State). The trial court cited and we can find no statutory support for the ten-year delay in commencement of the sentence for Count II under these circumstances.

*Id.* at 1182. In a footnote, the *Hull* court remarked,

> To conclude otherwise could lead to some rather complicated scenarios. For instance, if Hull's sentence on Count I was overturned for some reason, would he be free for ten years before having to report to the Department of Correction to begin serving his sentence on Count II? Would he need to be monitored during the ten year hiatus? What if he committed another crime during those

---

[4] Pursuant to Indiana Code Section 35-50-2-2, Merida would not be eligible for a suspended sentence on at least one of the counts (count 9), which alleges that he molested R.M. when she was either six or seven years old. *See* Ind. Code § 35-50-2-2(i) ("If a person is: (1) convicted of child molesting (IC 35-42-4-3) as a Class A felony against a victim less than twelve (12) years of age; and (2) at least twenty-one (21) years of age; the court may suspend only that part of the sentence that is in excess of thirty (30) years."). Count 10 alleges that Merida molested R.M. when she was between seven and thirteen years old. If a person is convicted of class A felony child molesting against a victim at least twelve years of age, "the court may suspend only that part of the sentence that is in excess of the minimum sentence," which is twenty years. Ind. Code § 35-50-2-2(b). In my view, suspending any portion of Merida's sentence would not be appropriate.

[5] The defendant in *Hull* pled guilty to two counts of murder, and the trial court ordered that "ten years of the [sixty-five-year] sentence on Count Two will run consecutively to the [sixty-five-year] sentence on Count One. The remaining portion is run concurrently, so the sum total executed sentence imposed is 75 years executed." 799 N.E.2d at 1181.

8

ten years?  Could he request that he begin serving his sentence immediately rather than having it hanging over him for a decade?

*Id*. at n.1.

With all due respect, I believe that the *Hull* court's concerns are unfounded.  The commencement of *any* consecutive sentence must be delayed, and the courts and the Department of Correction have always managed to sort through any complications arising from sentences being overturned on appeal in consecutive sentencing cases.  Moreover, the statute that governs consecutive sentencing, Indiana Code Section 35-50-1-2, does not specifically prohibit partially consecutive sentences such as the one imposed in *Hull*.[6]  In my view, such sentences would be eminently reasonable in situations where simply "stacking"

---

[6]  Indiana Code Section 35-50-1-2 reads in pertinent part as follows:

> (c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.  The court may consider the:
>> (1) aggravating circumstances in IC 35-38-1-7.1(a); and
>> (2) mitigating circumstances in IC 35-38-1-7.1(b);
> in making a determination under this subsection.  The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.  However, except for crimes of violence [listed in subsection (a)], the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct [defined in subsection (b)] shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.
>> (d) If, after being arrested for one (1) crime, a person commits another crime:
>> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>> (2) while the person is released:
>>> (A) upon the person's own recognizance; or
>>> (B) on bond
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.
>> (e) If the factfinder determines under IC 35-50-2-11 that a person used a firearm in the commission of the offense for which the person was convicted, the term of imprisonment for the underlying offense and the additional term of imprisonment imposed under IC 35-50-2-11 must be served consecutively.

sentences for crimes against multiple victims (or multiple crimes against a single victim) would result in an inappropriately lengthy aggregate sentence and ordering concurrent sentences would result in an inappropriately lenient one.

To be sure, a thirty-eight-year aggregate sentence could have been achieved in this case simply by ordering concurrent sentences of thirty-eight years on each count (or thirty years on the first count and thirty-eight on the second). Given that "additional criminal activity directed to the same victim should not be free of consequences," *Cardwell*, 895 N.E.2d at 1225, ordering partially consecutive sentences would be a more logical way of imposing what I consider the appropriate punishment in this case.

I acknowledge that Indiana Code Section 35-50-1-2 does not specifically authorize partially consecutive sentences, but I believe that the statute should be interpreted to provide trial courts with as much flexibility as possible to tailor an appropriate sentence for each defendant based on the facts of each case. *See id.* at 1224 ("Indiana has never adopted a mechanical approach to sentencing, and we have not identified any inflexible system that did not raise more problems than it solved."). Any doubts in this regard should be resolved by either our supreme court or our legislature, which is currently reviewing Indiana's criminal code with an eye toward overhauling both its substantive and sentencing provisions. If it is determined that the statute as currently written does not authorize partially consecutive sentences, it is my hope that the legislature would amend the statute accordingly and give trial courts and appellate courts an important tool for crafting appropriate sentences in cases like this one.