CRONE, Judge,
concurring in part and dissenting in part.
I agree with the majority’s determination that Merida’s sixty-year aggregate sentence is inappropriate in light of the nature of the offenses and his character. I also agree with its determination that the thirty-year advisory sentence on each count is appropriate. Nevertheless, I respectfully disagree with the majority’s de- *409 cisión to “run [Merida’s] two thirty-year sentences concurrent to one another, for an aggregate thirty-year term of imprisonment.” Op. at 409. In the words of the Cardwell court, I believe that “additional criminal activity directed to the same victim should not be free of consequences,” 895 N.E.2d at 1225, and therefore I would remand with instructions to revise Meri-da’s sentence such that eight years of the thirty-year sentence on count 10 would run consecutive to the thirty-year sentence on count 9 and the remainder would run concurrent, for a total executed sentence of thirty-eight years.[4]
In Hull v. State, 799 N.E.2d 1178 (Ind.Ct.App.2003), another panel of this Court disapproved of a similarly structured sentence for two counts of murder,[5] stating,
“When a sentence is imposed, the commencement of that sentence cannot be delayed absent specific statutory authorization^]” Erby v. State, 511 N.E.2d 302, 304 (Ind.1987); see also Woods v. State, 583 N.E.2d 1211, 1212-13 (Ind.1992) (concluding that five and one-half year delay in commencement of sentence violated the principles of equity and the requirements of prompt action by the State). The trial court cited and we can find no statutory support for the ten-year delay in commencement of the sentence for Count II under these circumstances.
Id. at 1182. In a footnote, the Hull court remarked,
To conclude otherwise could lead to some rather complicated scenarios. For instance, if Hull’s sentence on Count I was overturned for some reason, would he be free for ten years before having to report to the Department of Correction to begin serving his sentence on Count II? Would he need to be monitored during the ten year hiatus? What if he committed another crime during those ten years? Could he request that he begin serving his sentence immediately rather than having it hanging over him for a decade?
Id. at n. 1.
With all due respect, I believe that the Hull court’s concerns are unfounded. The commencement of any consecutive sentence must be delayed, and the courts and the Department of Correction have always managed to sort through any complications arising from sentences being overturned on appeal in consecutive sentencing cases. Moreover, the statute that governs consecutive sentencing, Indiana Code Section 35-50-1-2, does not specifically prohibit partially consecutive sentences such as the *410 one imposed in Hull.[6] In my view, such sentences would be eminently reasonable in situations where simply “stacking” sentences for crimes against multiple victims (or multiple crimes against a single victim) would result in an inappropriately lengthy aggregate sentence and ordering concurrent sentences would result in an inappropriately lenient one.
To be sure, a thirty-eight-year aggregate sentence could have been achieved in this case simply by ordering concurrent sentences of thirty-eight years on each count (or thirty years on the first count and thirty-eight on the second). Given that “additional criminal activity directed to the same victim should not be free of consequences,” Cardwell, 895 N.E.2d at 1225, ordering partially consecutive sentences would be a more logical way of imposing what I consider the appropriate punishment in this case.
I acknowledge that Indiana Code Section 85-50-1-2 does not specifically authorize partially consecutive sentences, but I believe that the statute should be interpreted to provide trial courts with as much flexibility as possible to tailor an appropriate sentence for each defendant based on the facts of each case. See id. at 1224 (“Indiana has never adopted a mechanical approach to sentencing, and we have not identified any inflexible system that did not raise more problems than it solved”). Any doubts in this regard should be resolved by either our supreme court or our legislature, which is currently reviewing Indiana’s criminal code with an eye toward overhauling both its substantive and sentencing provisions. If it is determined that the statute as currently written does not authorize partially consecutive sentences, it is my hope that the legislature would amend the statute accordingly and give trial courts and appellate courts an important tool for crafting appropriate sentences in cases like this one.

. Pursuant to Indiana Code Section 35-50-2-2, Merida would not be eligible for a suspended sentence on at least one of the counts (count 9), which alleges that he molested R.M. when she was either six or seven years old. See Ind.Code § 35 — 50—2—2(i) ("If a person is: (1) convicted of child molesting (IC 35-42-4-3) as a Class A felony against a victim less than twelve (12) years of age; and (2) at least twenty-one (21) years of age; the court may suspend only that part of the sentence that is in excess of thirty (30) years.”). Count 10 alleges that Merida molested R.M. when she was between seven and thirteen years old. If a person is convicted of class A felony child molesting against a victim at least twelve years of age, "the court may suspend only that part of the sentence that is in excess of the minimum sentence,” which is twenty years. Ind.Code § 35-50-2-2(b). In my view, suspending any portion of Merida’s sentence would not be appropriate.

. The defendant in Hull pled guilty to two counts of murder, and the trial court ordered that "ten years of the [sixty-five-year] sentence on Count Two will run consecutively to the [sixty-five-year] sentence on Count One. The remaining portion is run concurrently, so the sum total executed sentence imposed is 75 years executed.” 799 N.E.2d at 1181.

. Indiana Code Section 35-50-1-2 reads in pertinent part as follows:
(c)Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:
(1) aggravating circumstances in IC 35-38-1-7.1(a); and
(2) mitigating circumstances in IC 35-38-1-7.1(b);
in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence [listed in subsection (a) ], the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct [defined in subsection (b) ] shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.
(d) If, after being arrested for one (1) crime, a person commits another crime:
(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
(2) while the person is released:
(A) upon the person's own recognizance; or
(B) on bond
the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.
(e) If the factfinder determines under IC 35-50-2-11 that a person used a firearm in the commission of the offense for which the person was convicted, the term of imprisonment for the underlying offense and the additional term of imprisonment imposed under IC 35-50-2-11 must be served consecutively.