## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2018, 5:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert G. Bottorff II
Bob Bottorff Law PC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Duward Roby, *Appellant-Defendant,* | February 14, 2018 |
| v. | Court of Appeals Case No. 10A01-1704-CR-832 |
| | Appeal from the Clark Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Andrew Adams, Judge |
| | Trial Court Cause No. 10C01-0902-FB-47 |

**Pyle, Judge.**

# Statement of the Case

Duward Roby ("Roby") appeals the trial court's denial of his motion to correct erroneous sentence in which he asked the trial court to vacate his habitual offender enhancement, that on the face of the abstract of judgment, was set forth as a separate sentence. The trial court ordered the correction of the abstract of judgment but denied Roby's request to vacate the enhancement. Concluding that Roby's request to vacate the enhancement was not a proper claim for a motion to correct erroneous sentence, we affirm the trial court's judgment.

We affirm.

# Issue

Whether the trial court abused its discretion in denying Roby's motion to correct erroneous sentence.

# Facts

In 2008, Roby was convicted of four counts of Class B felony armed robbery after he demanded money from four different tellers during a bank robbery. Thereafter, he admitted to being an habitual offender. The trial court sentenced him to twenty years on each of the robbery convictions and ordered the sentences to run concurrently to each other. The court also entered a separate thirty-year sentence for his habitual offender adjudication and ordered it to run consecutively to the robbery sentence, for a total executed sentence of fifty years.

[4]     On direct appeal in 2010, this Court determined that three of the four robbery convictions had to be vacated under the Single Larceny Rule. *Roby v. State*, No. 10A01-0910-CR-492, slip op. at 6-7 (Ind. Ct. App. October 25, 2010). We also ordered the trial court "to revise Roby's sentence so the habitual offender finding enhance[d] the sentence for the remaining robbery conviction." *Id.* at 7. We further concluded that Roby's fifty-year sentence was not inappropriate. *Id.* at 6.

[5]     Six years later, in February 2016, Roby filed a motion for correction of abstract of judgment wherein he explained that the trial court had failed to follow this Court's order to vacate three of the robbery convictions. He asked the trial court to order the trial court clerk to correct the abstract of judgment in this case to reflect that Roby had been convicted of one count of robbery. Roby's motion did not mention that this Court had also ordered the trial court to revise Roby's sentence so that the habitual offender sentence enhanced the sentence for the remaining robbery conviction. The trial court granted Roby's motion and ordered the trial court clerk to amend the abstract of judgment to reflect that Roby was convicted of only one count of robbery and that the sentence for that conviction was enhanced by a finding that Roby was an habitual offender. The amended abstract of judgment was issued in April 2016.

[6]     In October 2016, Roby filed a motion to correct erroneous sentence wherein he argued that the amended abstract of judgment still improperly reflected a freestanding sentence for his habitual offender adjudication. He explained that he had served the twenty-year sentence for the robbery conviction and argued

that the trial court could not now "retroactively enhance [his] twenty (20) year sentence for his Robbery conviction by an additional thirty (30) years after [he] has already . . . completed serving . . . his Robbery sentence." (App. 96). Roby therefore argued that he was "entitled to have his habitual offender sentence vacated and dismissed with prejudice pursuant to Indiana Code § 35-38-1-15." (App. 96).

[7] Following a hearing, the trial court ordered the correction of the judgment of conviction and abstract of judgment to reflect the corrected habitual offender enhancement. However, the trial court denied Roby's request to vacate the habitual offender enhancement and release him. Roby now appeals.

## Decision

[8] Roby argues that the trial court erred in denying his motion to correct erroneous sentence. We review the trial court's denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[9] An inmate who believes that he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). INDIANA CODE § 35-38-1-15 provides as follows:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be

> corrected after written notice is given to the convicted person.
> The convicted person and his counsel must be present when the
> corrected sentence is ordered. A motion to correct sentence must
> be in writing and supported by a memorandum of law
> specifically pointing out the defect in the original sentence.

The purpose of this statute is to provide prompt, direct access to an uncomplicated legal process for correcting erroneous or illegal sentences. *Robinson v. State,* 805 N.E.2d 783, 785 (Ind. 2004).

[10] A statutory motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record. *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. Such claims are best addressed on direct appeal or by way of a petition for post-conviction relief, where applicable. *Id.*

[11] Here, the State correctly points out that the only error that was apparent on the face of the judgment in this case was that Roby's habitual offender enhancement was incorrectly entered as a separate sentence to be served consecutive to his sentence for robbery. The trial court granted relief on this issue and ordered the correction of the judgment of conviction and abstract of judgment to reflect the corrected sentence enhancement. However, Roby's

request for further relief, including the elimination of his habitual offender enhancement and release was not a proper basis for a motion to correct erroneous sentence because it required consideration of issues beyond the face of the judgment. The trial court did not abuse its discretion in denying Roby's motion to correct erroneous sentence.[1]

Affirmed.

Kirsch, J., dissents with separate opinion.

Bailey, J., concurs.

---

[1] We further note that the State correctly points out that even if we were to "entertain Roby's extraordinary request for relief," we would affirm the trial court's denial of Roby's motion. (State's Br. 10). In *Gipson v. State*, 495 N.E.2d 722 (Ind. 1986), the trial court sentenced Gipson to two years each on two felonies and thirty years for his habitual offender finding. After Gipson filed a motion to correct erroneous sentence, this court corrected Gipson's sentence to a four-year sentence enhanced by thirty years for the habitual offender finding. On appeal, Gipson, like Roby, argued that because he had served all of the time on the underlying felonies, there was no underlying felony to be enhanced. The Indiana Supreme Court explained that pursuant to INDIANA CODE § 35-38-1-15, an erroneously imposed sentence does not render the sentence void, but rather the trial court is required to correct the sentence. *Id.* at 723. Given that the trial court corrected the erroneous sentence and the resentencing did not affect any of Gipson's legitimate expectations concerning his sentence, the Supreme Court concluded that the trial court had not erred in correcting the erroneous sentence. *Id.* The Supreme Court further explained the error in the original sentence was merely a procedural error as contemplated by INDIANA CODE § 35-38-1-15. The Supreme Court specifically stated that "[s]ince the statute is silent as to when a sentence may be corrected, it is important only that the sentence is corrected in accordance with the statute's other requirements as was done in this case." *Id. See also Petro v. State*, 506 N.E.2d 467 (Ind. 1987). Here, as in *Gipson*, the trial court corrected Roby's sentence in accordance with the statutory requirements and the resentencing did not affect any of Roby's legitimate expectations concerning his sentence. Although there should have been no delay in effectuating our order, the delay does not result in a windfall to Roby. The trial court did not err in denying Roby's motion to correct erroneous sentence.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Duward Roby, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | Court of Appeals Case No. <br> 10A01-1704-CR-832 |

**Kirsch, Judge, dissenting.**

I respectfully dissent.

Notwithstanding numerous directives from our Supreme Court and this court extending over decades that habitual offender enhancements cannot be imposed as standalone sentences, and notwithstanding the clear statement from this court *in this case* in 2010 that the trial court in this case had failed to comply with that long-standing directive, Duward Roby was never properly sentenced. At no time was the habitual offender adjudication attached to his

sentence for robbery, and Roby has now served that sentence. There is no remaining sentence to which the habitual offender enhancement can be attached, and Roby should be released from incarceration.