**Rick J. WARTHAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 981S249.

Supreme Court of Indiana.

Jan. 20, 1983.

James H. Voyles, Ober, Symmes, Cardwell, Voyles & Zahn, J.J. Paul, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This cause is before us upon the trial court's statement of reasons for having enhanced the basic or presumptive sentence of ten (10) years, filed in response to our remand of October 14, 1982, 440 N.E.2d 657, together with a Petition for Amended Remand filed herein by the defendant (appellant) on November 4, 1982.

The trial court's findings enumerate five conclusions which, if supported by the facts, amply warrant the enhancement of the sentence. Each stated conclusion is followed by a lengthy dissertation of facts that support it. Paraphrased, the conclusions are: (1) The defendant's conduct posed a threat of serious bodily harm to others. (2) The circumstances that gave rise to the commission of the crime were not likely to change. (3) The defendant is unlikely to respond affirmatively to probation or short term imprisonment. (4) The defendant's character and attitude indicates a likelihood of recidivism. (5) Imposition of a lesser sentence would depreciate the seriousness of the offense.

We will not burden this opinion by reciting the facts supportive of those conclusions. Among them, however, were a statement of the magnitude of the proposed unlawful transaction, the defendant's commitment, past and current, to the use of drugs, his prior commercialization therein, and his openly expressed opinion that such activity was not wrong.

 Defendant contends that the trial judge should have held a new sentencing hearing under our remand order and seeks to present evidence of mitigating circumstances that properly should be considered, inasmuch as our order gave the trial court the discretion to resentence him. Our order, however, was in the alternative, i.e., "to state specifically, its reasons for enhancing the basic sentence" or "to modify the sentence." The trial court, believing that the sentence imposed was appropriate, correctly provided us with such reasons. In the main, the defendant's argument of "unreasonableness" is predicated upon evidence of his reformation subsequent to his sentencing. Although apparently examplar in all respects, his subsequent conduct and altered attitudes are irrelevant to our review of the issue, which is the reasonableness of the sentence *at the time it was imposed.*

 Defendant has also challenged some of the reasons cited by the trial court judge as "not legally justifiable reasons for enhancement of sentence." Under Ind.R.App. Rev.Sen. 2, however, we could not set aside a sentence, as manifestly unreasonable, upon that ground. The record now reflects lawful and adequate reasons for the sentence imposed. If, it also reflects additional reasons of questionable validity, they are regarded as surplusage.

The judgment of the trial court upon Count One is now affirmed in all respects.

Defendant's time for filing a petition for rehearing will run from the date hereof.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.