**Robert E. WILLIAMS, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 45A03–8601–PC–29.

Court of Appeals of Indiana,
Third District.

July 3, 1986.
Rehearing Denied Aug. 6, 1986.

Susan K. Carpenter, Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Robert Williams was convicted of Robbery, a Class B felony[1] and found to be an habitual offender.[2] His sentence of ten (10) years was enhanced by thirty (30)

---

1. Ind.Code 35–42–5–1.

2. Ind.Code 35–50–2–8.

years on the habitual offender finding. The conviction and sentence were affirmed by the Indiana Supreme Court on March 3, 1982. *Williams v. State* (1982) Ind., 431 N.E.2d 793.

On March 4, 1983 Williams filed his *pro se* Petition for Post Conviction Relief challenging the validity of the habitual offender finding and sentence enhancement. The State conceded error and the trial court vacated the habitual offender finding and Williams's entire forty (40) year sentence and resentenced him on the robbery conviction to the presumptive term of ten (10) years enhanced by two (2) years for aggravating circumstances.

Williams appeals from the sentence imposed claiming the trial court should have vacated only the thirty year habitual offender enhancement, leaving the original ten years unaltered. He argues that the trial court had no jurisdiction to increase the robbery sentence and that doing so violated the proscription against double jeopardy and Williams's rights to due process and equal protection.

Williams bases his appeal upon the premise that the habitual offender enhancement is to be viewed independently from the underlying sentence for robbery. He argues, therefore, that since he challenged only the application of the habitual offender statute, the underlying robbery sentence was not before the court for revision (the jurisdictional argument). Since the ten year portion of the sentence was valid, it was improper to increase it after the habitual offender enhancement was vacated (the double jeopardy and due process arguments).

In support of his severability argument Williams relies upon cases in which the Supreme Court vacated the judgment and sentence on an habitual offender finding and affirmed the underlying conviction and sentence. *See Steelman v. State* (1985) Ind., 486 N.E.2d 523; *Clark v. State* (1985), Ind., 480 N.E.2d 555; *Graham v. State* (1982) Ind., 435 N.E.2d 560. These cases, however, do not address the precise ques-

tion before us and our research reveals no cases in Indiana which do.

Our Supreme Court has repeatedly said that an habitual offender finding is not a conviction of a separate crime. *Edwards v. State* (1985) Ind., 479 N.E.2d 541. If the statute were read to define a separate crime, its application would constitute a violation of the double jeopardy clause. *Short v. State* (1982) Ind., 443 N.E.2d 298, 301. Rather, the statute provides for the enhancement of a sentence imposed upon conviction for an underlying felony. *Edwards, supra.* The trial court must specify the underlying felony to which the enhanced sentence applies where there are two or more underlying felonies; the enhancement is not a separate sentence which is to be served either consecutively or concurrently with another sentence. *Plummer v. State* (1985) Ind., 485 N.E.2d 1367; *Wilson v. State* (1984) Ind., 465 N.E.2d 717. Thus, although the habitual offender finding is made subsequent to conviction, the thirty year enhancement is an integral part of the sentence imposed for the felony conviction.

■ The fashioning of an appropriate sentencing scheme, tailored to the particular defendant and the crime committed, is left to the sound discretion of the trial court within the bounds of the applicable statutes. When an habitual offender enhancement is to be added to a defendant's sentence, it certainly is a factor in the trial court's decision of whether to impose the presumptive sentence for the underlying felony or to increase or decrease the presumptive sentence due to aggravating or mitigating circumstances. It is even proper for a court to both enhance a sentence for aggravating circumstances and sentence as an habitual offender. *Woodson v. State* (1984) Ind., 466 N.E.2d 432.

■ Although conceptually, the underlying sentence may be separated from the habitual offender enhancement, practically speaking, Williams received a sentence of forty years for the crime of robbery. The sentence was invalid because the habitual offender finding was erroneous. The trial

court resentenced Williams to twelve years (the presumptive sentence enhanced by two years for aggravating circumstances)—a valid sentence under the applicable statute. The result was, in fact, a lesser sentence than Williams had before (twelve years versus forty years) and a lesser sentence than the judge indicated he would have imposed originally. (Record p. 248). We hold that in the interest of effectuating his original sentencing objectives the trial judge had jurisdiction to reconsider Williams's entire sentence.

Even if we could say that Williams received an "increased" sentence because of the two years added to the presumptive sentence, we conclude that authority supports the propriety of increasing a sentence when an improper sentence has been vacated.

▉ When the sentence imposed by the trial court is found to be improper, it is the general if not unanimous rule that a trial court has the power to vacate an illegal sentence and impose a proper one which results in an increased sentence. *Niece v. State* (1983) Ind.App., 456 N.E.2d 1081, 1084. Imposition of the corrected sentence does not run afoul of the prohibition against double jeopardy. *Id.*

Williams cites the case of *Ex parte Lange* (1874) 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 for the proposition that the double jeopardy clause bars increasing a valid sentence once a defendant has begun to serve it. *Lange* dealt with an attempt by the trial court to add a period of imprisonment after the defendant had already satisfied the fine originally imposed as an alternative to imprisonment under a statute which authorized one or the other. Additional language in *Lange* suggesting that to impose a year's imprisonment after five days had been served was to punish twice for the same offense, *Id.* at 175, has been limited by subsequent Supreme Court opinions. In *United States v. DiFrancesco* (1980) 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 the Supreme Court rejected the idea that an increase in sentence after a defendant had begun to serve it constituted

multiple punishment under the Double Jeopardy Clause. The Court confined the holding in *Lange* to its specific context, holding that it was "not susceptible of general application." 449 U.S. at 139, 101 S.Ct. at 438. "Historically, the pronouncement of sentence has never carried the finality that attaches to an acquittal." *Id.* at 133, 101 S.Ct. at 435.

In *Stuckey v. Stynchcombe*, cited by this court in *Niece v. State, supra,* the Fifth Circuit noted that it has repeatedly been held that resentencing a prisoner to correct an illegal sentence does not implicate double jeopardy rights even if the prisoner has already served part of his term. 614 F.2d 75, 76 (1980). In *State v. Irvin* (1973) 259 Ind. 610, 291 N.E.2d 70 the trial court imposed 2–10 years plus a $250.00 fine then suspended the 2–10 years and ordered the defendant to serve fifty days on the State Farm in lieu of the fine. Incarceration with regard to the fine was invalid under statutory law, so the trial court corrected the sentence and reimposed the 2–10 years. The Indiana Supreme Court held that having given defendant an invalid sentence, the judge had the choice of either suspending the sentence completely or sentencing according to statute; either course of action would be proper. 291 N.E.2d at 75. The Court did not accord the defendant a windfall because the sentencing court made an error in sentencing. "The constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States* (1947) 330 U.S. 160, 166–7, 67 S.Ct. 645, 649, 91 L.Ed. 818.

Williams relies upon the Supreme Court decision in *North Carolina v. Pearce* (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 in support of his argument that due process considerations prevent a trial judge from imposing a harsher sentence upon resentencing a defendant who has successfully challenged the original sentence. As we pointed out earlier, viewing Williams's sentence as a whole, upon resentencing Williams received twelve years for the crime of robbery instead of

forty—a lesser sentence, in fact. Once again, however, if we view the new sentence as an increase, we do not find the difficulty addressed in *Pearce.* There the court was concerned with the chilling effect upon a defendant's right to appeal his conviction if he were faced with the prospect of a more severe sentence after retrial. In order to avoid the appearance of a retaliatory motive in resentencing upon reconviction, the Court required that a more severe sentence be based upon objective facts concerning identifiable conduct of the defendant which occurred *subsequent* to the original sentencing proceeding. *Id.* at 726, 89 S.Ct. at 2081.

Recently, in *Texas v. McCullough* —— U.S. ——, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) the Supreme Court said, "Beyond doubt, vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial." —— U.S. at ——, 106 S.Ct. at 979. In *McCullough* the defendant was convicted and the jury imposed a twenty year sentence. The trial court granted the defendant's motion for a new trial on the basis of prosecutorial misconduct. Upon retrial and reconviction, the trial court sentenced the defendant to fifty years in prison. In upholding the trial court's action, the Court held that the facts of the case provided no basis for a presumption of vindictiveness and thus the requirements of *Pearce* were inapplicable. —— U.S. at ——, 106 S.Ct. at 979. Unlike a case in which the trial judge has been reversed, the judge in *McCullough* had concluded that the prosecutor's misconduct required a new trial be granted. Thus, there was " 'no motivation to engage in self-vindication' ". *Id.* (quoting *Chaffin v. Stynchcombe,* 412 U.S. 17, 25, 93 S.Ct. 1977, ——, 36 L.Ed.2d 714 (1973)). Moreover, the trial judge in *McCullough* noted that she would have imposed a greater sentence than the jury did in the first trial; but she also based the second sentence on the incriminating testimony of two new witnesses who had not testified at the first trial.

■ In the case at bar, as in *McCullough,* there was no motive for the trial judge to be vindictive, thus the *Pearce* presumption and its stringent requirements do not apply. Due process merely requires that it appear from the record that no retaliatory motive exists on the part of the trial judge and that the new sentence is designed to implement, so far as possible, the original dispositional scheme.[3] Of course, the defendant may still obtain relief if he can show actual vindictiveness on resentencing. —— U.S. ——, 106 S.Ct. at 979.

■ In Williams's case the trial judge's plan was more than satisfactorily implemented by the mandatory thirty year enhancement. Absent that required enhancement, however, the judge indicated that due to Williams's lengthy criminal history he would have enhanced the presumptive sentence originally, probably adding more than the two years imposed upon resentencing. (Record p. 248). We are persuaded, therefore, that there was no retaliatory motive present in the resentencing proceeding and that Williams's due process rights were not violated.

Williams makes no argument and cites no authority which would implicate equal protection considerations. Accordingly, we do not address this allegation.

The trial court's resentencing order is affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

**3.** Where a sentence encompasses two or more separate offenses and a defendant successfully challenges the sentence on one or more of the offenses, we do not suggest that it would be proper for the trial court to impose a harsher penalty for the remaining offenses. As we have pointed out, however, the habitual offender finding does not constitute a separate offense.