Thomas M. FLOWERS, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 383S104

Supreme Court of Indiana.

Feb. 10, 1988.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, John H. Meyers, Pros. Atty. for the Twenty-third Judicial Circuit, Daniel A. Lane, Deputy Pros. Atty. for the Twenty-third Judicial Circuit, Lafayette, for appellee.

GIVAN, Justice:

Appellant was originally convicted of Attempted Murder, for which he received a presumptive sentence of thirty (30) years which was enhanced by twenty (20) years because of aggravating circumstances. Appellant also received sentences of thirty (30) years each for Robbery Causing Serious Bodily Injury, Burglary, and Attempted Rape.

Appellant perfected his appeal from that conviction. *See Flowers v. State* (1985), Ind., 481 N.E.2d 100. In that appeal, this Court found that the trial court had erred in giving Class A sentences for the Burglary, Attempted Rape, and Attempted Robbery charges. The cause was therefore remanded with the following language:

"In light of our decision in Issue IX we remand with instructions to vacate appellant's convictions and sentences for class A burglary, class A attempted rape, and class A attempted robbery; and to enter convictions and appropriate sentences for class B burglary, class B attempted rape, and class C attempted robbery, in their stead. In all other respects the convictions and sentences are affirmed." *Id.* at 107.

Upon remand, the trial court entered the following corrected sentence:

"The Court further finds that both at the original sentence hearing and again now, that the appropriate overall sentence is 80 years. The Court on Count III vacates the Class A Felony conviction and enters Judgment of Conviction of a Class C Felony, for Count IV vacates the Class A Felony conviction and enters a Judgment of Conviction of a Class B Felony, and for Count V vacates the Class A Felony conviction and enters a Judgment of Conviction of a Class B Felony. For Count IV, Burglary as a Class B Felony, the Court enhances the presumptive 10 year sentence by 5 years and sentences the defendant to 15 years, said sentence to be served consecutively to Count I; for Count V, Attempted Rape as a Class B Felony, the Court enhances the presumptive 10 year sentence by 5 years and sentences the defendant to 15 years, said sentence to be served consecutively to Count IV; for Count III, Attempted Robbery as a Class C Felony, the Court enhances the presumptive 5 year sentence by 3 years and sentences the defendant to 8 years, said sentence to be served concurrently with all other sentences. The Court recommends that the defendant serve his sentences in a maximum security institution."

Appellant now appeals from the resentencing. Appellant claims the trial court erred in giving greater than the presumptive sentences for the two Class B felonies and the one Class C felony and that the trial court further erred by ordering the sentences to run consecutively rather than concurrently. Appellant claims he was en-

titled to have the same treatment under the new sentences which he had received under the original sentence, that is to receive the presumptive time on each crime and to have them run concurrently.

■ He first claims that since this Court did not remand the cause for a new sentencing hearing, it did not intend to provide the trial court with the opportunity to find aggravating factors as to these counts. Appellant is in error in this regard. The order of remand above quoted simply states that the trial court is to "enter convictions and appropriate sentences for Class B Burglary, Class C Attempted Rape, and Class C Attempted Robbery." The language clearly anticipates that the trial judge was to sentence appellant for those crimes in the same manner as if he were sentencing any other person on like charges.

■ When the trial court judge entered the corrected sentence pursuant to the remand, he specifically found the same aggravating circumstances he had originally found. No new hearing was held and nothing was changed as far as the factual situation upon which the original sentence had been based.

In the original sentence, the trial judge had found aggravating circumstances and had applied them to the attempted murder conviction. As to the other sentences, he originally, in treating them as Class A felonies, merely gave the presumptive sentences and ordered that they would run concurrently with each other but consecutive to the attempted murder charge.

Upon resentencing, the judge observed that had he chosen to do so he could have rendered a sentence that would have equaled two hundred (200) years; however, he felt, based on all the evidence at the original sentencing hearing, an overall sentence of eighty (80) years was the appropriate sentence to be imposed for the entire criminal episode. He further stated that in complying with the mandate of the Supreme Court, he was still under the opinion that the sentences should be assessed in such a manner as to reach the result of an overall sentence of eighty (80) years. In so doing the judge remained within the bounds prescribed by the statutes.

■ Appellant further argues that the double jeopardy clause of the Fifth Amendment of the Constitution of the United States bars increasing his sentence upon remand. There are certain circumstances in which sentences may be increased on remand. *See Williams v. State* (1986), Ind. App., 494 N.E.2d 1001, *cert. denied*, —— U.S. ——, 107 S.Ct. 2191, 95 L.Ed.2d 846. However, we do not need to go into the detail of those cases in this instance. Here the trial judge did not render an increased sentence upon remand. Although the trial judge applied the sentencing statutes in a different manner on the resentencing, the net result was to give appellant the same amount of total time he had received on the first sentencing. Thus there was no increase in the sentence. *See Pennsylvania v. Goldhammer* (1985), 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183; *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328.

Appellant also argues that he was subjected to double jeopardy because he had already started serving his time, thus his sentence could not be changed. There are many situations in which a case may be remanded for the correction of a sentence after the prisoner has started serving his time. *Id.*

In the case at bar, appellant originally sought the review of his original conviction. Among the questions he presented was the legality of his sentence for the various crimes. He asked for and received a correction of the original sentence. He cannot now be heard to say that for the trial court to correct the sentences subjects him to double jeopardy. *See North Carolina v. Pierce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

In *Goldhammer, supra*, 474 U.S. at 30, 106 S.Ct. at 354, 88 L.Ed.2d at 187, the Court held that a resentencing after an appeal "intrudes even less upon the values protected by the Double Jeopardy Clause than does a resentencing after retrial...." The defendant in *Goldhammer* had no dou-

ble jeopardy protection from being re-sentenced on the remaining counts.

In *Bozza v. United States* (1947), 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818, 822, after discussing a similar proposed restriction, the Court observed that such a restriction would truly make sentencing "a game in which a wrong move by a judge means immunity for the prisoner." We see no reason to impose such a restriction upon a trial judge.

■ Appellant claims the trial court erred in denying his motion for a continuance and an opportunity to present evidence relevant to his resentencing. He claims this became necessary when the trial court read into the record and adopted its conclusions from evidence submitted at appellant's initial sentencing. We fail to follow appellant in this argument. Had the trial court opened the matter and received a new presentence report and had entered into factual situations not previously considered, appellant's position of course would have had merit. However, as the trial judge pointed out in ruling on appellant's motion, he was not considering new evidence but was considering only the evidence which had been submitted at the prior trial and only the presentence investigation report submitted at that time.

Absolutely nothing new was being considered by the trial court which was unknown to appellant at the time of his first sentencing. Whether or not to grant continuance under the circumstances was entirely within the discretion of the trial judge. *Peters v. State* (1984), Ind., 470 N.E.2d 708. There was nothing in the remand by this Court that mandated the reopening of the evidence concerning aggravating or mitigating circumstances. *Warthan v. State* (1983), Ind., 443 N.E.2d 1191. The trial court did not err in refusing to grant appellant a continuance at the time of his resentencing.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs and dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, concurring and dissenting.

In his first sentence appellant received an augmented sentence of fifty (50) years for attempted murder, and presumptive sentences of thirty (30) years each for the three felonies: burglary, attempted rape, and attempted robbery. The fifty (50) year sentence for attempted murder was to run consecutively to the sentences for the other three felonies. The sentences for the other three were to run concurrently with each other. The sentencing court thus used its determination of aggravating circumstances for two distinct purposes, namely, first, to enhance the attempted murder sentence, and, second, to order the attempted murder sentence to be served consecutively. The handling of aggravating circumstances was completely legitimate and unaffected by this court's determination on appeal that it had been illegal for the sentencing court to consider the burglary, attempted rape and attempted robbery as class A felonies.

In order to erase the illegal aspect of the sentencing, we ordered the following as quoted also in the majority opinion:

"In light of our decision in Issue IX we remand with instructions to vacate appellant's convictions and sentences for class A burglary, class A attempted rape, and class A attempted robbery; and to enter convictions and appropriate sentences for class B burglary, class B attempted rape, and class C attempted robbery, in their stead. In all other respects the convictions and sentences are affirmed."

*Flowers v. State* (1985), Ind., 481 N.E.2d 100, 107. Two aspects of the sentences which were "affirmed" were the decisions to run the attempted murder sentence consecutive to the cluster of three and to have the sentences for the felonies within the cluster to run concurrently with one another. When, therefore, the trial judge altered his sentencing order so as to require that the sentences for the cluster of three run consecutive to one another, he was inconsistent with our affirmance of that

aspect of his prior sentence, and acted in a manner inconsistent with our remand order.

I would affirm the rulings of the court, but require that the new sentencing order be modified in a single respect, namely by requiring that the sentences for burglary, attempted rape, and attempted robbery be served concurrently.

DICKSON, J., concurs.