James M. COBLE, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–8709–CR–835.

Supreme Court of Indiana.

May 6, 1988.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was originally convicted of two counts of Burglary, a Class C felony, and found to be an habitual offender. At that time, he was sentenced to two (2) years on each count of burglary and the sentence on the second count was enhanced by thirty (30) years by reason of his status as an habitual offender. Appeal was taken from that conviction and this Court ordered the habitual offender enhancement vacated. *Coble v. State* (1986), Ind., 500 N.E.2d 1221. Upon remand of the case, the trial court heard evidence and oral argument from the parties, following which he re-sentenced appellant to six (6) years on Count I and to eight (8) years on Count II. He further ordered that the sentences should run consecutively, whereas in the first instance he had ordered the sentences to run concurrently.

■ Appellant claims the trial court exceeded its jurisdiction on remand when it purported to vacate his previous sentence on Count I and re-sentenced him on that count. Appellant is correct in this regard. Appellant's original conviction was remanded because of the lack of status as an habitual offender. Appellant's sentence of two (2) years on Count I was not directly affected by the habitual offender status. It was a final judgment not subject to change upon remand. *See State ex rel. Kelley v. Marion Cty. Cr. Ct, Div. 3* (1978), 269 Ind. 46, 378 N.E.2d 833; *Williams v. State* (1986), Ind.App., 494 N.E.2d 1001, *cert. denied* (1987), —— U.S. ——, 107 S.Ct. 2191, 95 L.Ed.2d 846. The trial court erred

in changing the sentence on the Count I conviction.

 Appellant claims the trial court erred by increasing the basic sentence on Count II from the original two (2) years to eight (8) years. Appellant is in error in this regard. Appellant did not receive a two (2) year sentence on Count II originally. He did receive a basic sentence of two (2) years; however, this was enhanced by thirty (30) years by reason of his status as an habitual offender. He therefore received a thirty-two (32) year sentence on Count II. On remand the trial court was instructed to re-sentence appellant but to do so without an enhancement by reason of an habitual offender status. It was proper for the trial court to sentence appellant on his conviction of Burglary, a Class C felony, and to impose any sentence permissible under the statute. *Flowers v. State* (1988), Ind., 518 N.E.2d 1096.

 Appellant also claims the trial court erred in changing the sentences from concurrent sentences to consecutive sentences. Appellant is in error in this regard. Whether sentences are to be served concurrently or consecutively has no meaning unless a second sentence is pronounced. When this Court set aside the sentence on Count II and ordered a remand, the trial court had the duty to reassess whether the new sentence on Count II would run consecutively to or concurrently with the existing sentence on Count I. His order of consecutive sentences was entirely proper.

This cause is remanded to the trial court with instructions to reinstate the two (2) year sentence on Count I. The trial court is in all other matters affirmed.

SHEPARD, C.J., concurs in result with separate opinion.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, Chief Justice, concurring in result.

I write to point out that whether the trial court ordered the new sentence in Count II consecutive to Count I instead of concurrent is a non-issue. On the date of the resentencing, Coble had finished his sentence on Count I and was continuing service of his 32–year sentence on Count II. Coble was entitled to credit time for his incarceration on Count II up to the date of the amended order. Thus, whether he became incarcerated for the balance of the eight years "concurrent with Count I" or "consecutive to Count I" is of no consequence.