**Spurgeon SIZEMORE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8712–CR–1190.**

Supreme Court of Indiana.

Dec. 7, 1988.

John B. Wilson, Bean Blossom, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

On February 8, 1980, appellant was sentenced to eight (8) years each on Counts I, II, and III for Forgery, the sentences to run concurrently. He also was sentenced to four (4) years for Theft, which was enhanced by thirty (30) years by reason of his status as an habitual offender, the sentence to run consecutively to the sentences for Counts I, II, and III. On December 28, 1984, appellant was discharged by the Department of Correction after service of the sentences on Count I, II, and III. On April 4, 1987, appellant filed a motion in the trial court to correct an erroneous sentence following the vacation of a prior felony conviction which served as the basis for the habitual offender enhancement. On July 21, 1987, the trial court conducted its re-

sentencing hearing and vacated the thirty (30) year habitual offender enhancement of the Theft charge; the court, however, purported to then re-sentence appellant on Counts I, II, and III, ordering eight (8) year sentences on each count and ordering them to be served consecutively. It is from that order that this appeal is taken.

Appellant correctly argues that his sentences on Counts I, II, and III had been fully served and satisfied and therefore could not be the subject of a re-sentencing. See Coble v. State (1988), Ind., 523 N.E.2d 228. The sole jurisdiction of the trial court as of July 21, 1987 was to re-sentence appellant on the theft charge. Inasmuch as appellant originally had a thirty-four (34) year sentence on this charge due to the habitual offender enhancement, the trial court was authorized to re-sentence appellant on that charge consistent with the governing statutes for sentencing under a conviction of Theft, a Class D felony. Id.

This cause is remanded to the trial court with instructions to sentence appellant in accordance with this opinion.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice, concurring and dissenting.

In this situation, the trial court decided to give a four year sentence for Theft. This decision reflected the exercise of the trial court's authority to enhance beyond the standard two year sentence, based upon aggravating circumstances. After so deciding, the trial court then added an additional thirty years to the four year sentence based upon the habitual offender determination, for a total of thirty-four years. On resentencing, following the setting aside of a habitual offender determination, I would restrain a trial court to the imposition of the initial number of years decided upon, where that initial number reflects an enhancement for aggravating circumstances. Such restraint is consistent with the rationale for the general holding in Coble v. State (1988), Ind., 523 N.E.2d 228. The purpose of authorizing the court to impose a sentence permissible under the statute, after a thirty year enhancement is dissolved, is only to permit the effectuation of unfulfilled sentencing objectives. I would require the trial court to impose a four year sentence on resentencing in this case. While that does not affect the outcome here, as four years is the maximum sentence anyway, it would affect future cases.