



FILED

Aug 24 2018, 2:26 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-CR-00113

## Marquell M. Jackson,
*Appellant (Defendant),*

–v–

## State of Indiana,
*Appellee (Plaintiff).*

Argued: March 22, 2018 | Decided: August 24, 2018

Appeal from the Vanderburgh Circuit Court, No. 82C01-1510-F1-006686
The Honorable Kelli E. Fink, Magistrate

On Petition to Transfer from the Indiana Court of Appeals,
No. 82A04-1609-CR-02074

**Opinion by Justice Goff**

Chief Justice Rush and Justices David, Massa, and Slaughter concur.

**Goff, Justice.**

A jury found that Defendant Marquell M. Jackson committed several criminal offenses in connection with a criminal gang. As a result, the trial court increased his overall sentence by thirty years according to the criminal gang enhancement statute. Jackson appealed, and the Court of Appeals reversed the enhancement. Jackson and the State now dispute the extent of the trial court's sentencing authority on remand. This appeal requires us to determine what, if any, ability a trial court has to resentence a criminal defendant on the felonies that underlie a criminal gang enhancement when an appellate court has reversed that enhancement and remanded to the trial court. Guided by a general inquiry into the relationship between an enhancement and its underlying offenses, we find that the criminal gang enhancement statute unambiguously increases the punishment for all the felonies that underlie the enhancement, and vacating such an enhancement disturbs the punishment originally imposed. As such, after an appellate court reverses a criminal gang enhancement, the trial court on remand must resentence a defendant on all surviving underlying felonies.

## Factual and Procedural History

On October 26, 2015, Jackson and four friends decided to rob a person they thought had marijuana. Armed with two guns, they drove to the person's apartment building. Four members of the group, including Jackson, entered the building, made their way to the apartment, and encountered a group of about ten people smoking marijuana. A gunfight broke out, and the would-be thieves fled. All told, three of the intruders, one of the occupants of the apartment, and a neighbor's brother were injured in the shooting.

The State ultimately charged Jackson with nine offenses: two counts of burglary, as Level 1 felonies (Counts 1 and 2); one count of attempted robbery resulting in serious bodily injury, as a Level 2 felony (Count 3); four counts of attempted armed robbery, as Level 3 felonies (Counts 4, 5, 6, and 7); and two counts of aggravated battery, as Level 3 felonies

(Counts 8 and 9). The State also sought to have Jackson's potential sentence enhanced under the criminal gang enhancement statute. *See* Ind. Code § 35-50-2-15 (2014 Repl.).[1] After a bifurcated trial, the jury found Jackson guilty as charged and that the enhancement applied to each count. The trial court merged Count 2 with Count 1 but otherwise entered judgments of conviction on each count and accepted the jury's finding as to the enhancement. The court ordered that Jackson serve concurrent sentences of thirty years for Count 1, seventeen-and-one-half years for Count 3, and nine years each for Counts 4, 5, 6, 7, 8, and 9. It then applied the statutory enhancement of thirty years to Jackson's sentence, which resulted in a sixty-year overall sentence.

Jackson appealed and argued, among other things, that the trial court committed fundamental error when it allowed the State to amend the information for the criminal gang enhancement. The Court of Appeals agreed and reversed the enhancement. *Jackson v. State*, 84 N.E.3d 706, 711–14 (Ind. Ct. App.) ("*Jackson I*"), *clarified on reh'g*, 88 N.E.3d 1106 (Ind. Ct. App. 2017) ("*Jackson II*"). It instructed the trial court on remand to "vacate the enhancement and the sentence imposed on it." *Id.* at 714.

Both Jackson and the State petitioned the Court of Appeals for rehearing seeking clarification of the remand order. Jackson sought clarification instructing the trial court that it could not resentence him on the offenses underlying the vacated enhancement, and the State, in relevant part, requested that the clarification explicitly allow the trial court to resentence on those underlying offenses. The Court of Appeals granted the petitions and compared the criminal gang enhancement statute with the habitual offender enhancement statute and *Coble v. State*, 523 N.E.2d 228 (Ind. 1988), a case involving a vacated habitual offender enhancement. *Jackson II*, 88 N.E.3d at 1108–1110. Based on this comparison, it found that "nothing about the trial court's imposition of the underlying sentence, or the convictions on which the underlying sentence is imposed, required

---

[1] Effective July 1, 2016, the statute refers to criminal organizations rather than criminal gangs. *See* Pub. L. No. 25-2016, § 29, 2016 Ind. Acts 219–221. Because the statute in effect at the time of Jackson's offenses referred to criminal gangs, we will use that language here.

that the trial court consider the criminal gang enhancement." *Id.* at 1110. Therefore, it concluded, "the underlying sentence imposed by the trial court on Jackson's convictions is not subject to change on remand." *Id.*

We granted the State's petition to transfer to address the trial court's sentencing authority on remand after vacating the criminal gang enhancement, thereby vacating the Court of Appeals opinions in part. *See* Ind. Appellate Rule 58(A). We summarily affirm the Court of Appeals on the other issues addressed in *Jackson I* and *Jackson II*. *See* App. R. 58(A)(2).

## Standard of Review

Resolution of this case requires us to interpret the criminal gang enhancement statute. "Because this presents a matter of statutory interpretation, it receives de novo review." *Day v. State*, 57 N.E.3d 809, 811 (Ind. 2016).

## Discussion and Decision

Generally, trial courts have broad discretion in formulating appropriate sentences for criminal convictions. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). But this discretion can be limited when the sentencing occurs on remand. For example, the nuances of a particular sentence enhancement, as shown by the enhancement statute and related case law, can limit a trial court's sentencing discretion on remand. *See, e.g., Coble*, 523 N.E.2d at 228–29 (discussing the trial court's sentencing options on remand after a habitual offender enhancement had been vacated); *Greer v. State*, 680 N.E.2d 526, 527–28 (Ind. 1997) (discussing the trial court's sentencing options on remand after the felony underlying a habitual offender enhancement had been vacated). Because the parties here dispute the extent of the trial court's sentencing discretion on remand, we begin with an overview of the criminal gang enhancement statute.

The criminal gang enhancement statute increases the penal consequences for committing one or more felony offenses in connection with a criminal gang. *See generally* I.C. § 35-50-2-15. The State must

initially show that the defendant has committed at least one underlying felony. *See* I.C. § 35-50-2-15(b)–(d) (referring to "the offense," "the felony offense," "the underlying felony," and "the underlying felonies"). *See also State v. Davis*, 898 N.E.2d 281, 289 (Ind. 2008). If the State carries this burden, the statute provides for "an additional fixed term of imprisonment" based on the underlying felony or felonies. I.C. § 35-50-2-15(b), (d). This enhancement then runs consecutive to the underlying sentence and cannot be suspended. I.C. § 35-50-2-15(e)–(f). With this statutory scheme in mind, we turn to the task at hand: determining the extent of the trial court's sentencing authority on remand after vacating a criminal gang enhancement.

## I. The general inquiry illustrated by *Coble* is instructive in determining a trial court's sentencing authority on remand after a criminal gang enhancement has been reversed.

Both parties direct us to our prior decision in *Coble* as a means to resolve this matter, and the Court of Appeals below heavily relied on the case.[2] The State argues that *Coble* and subsequent cases allow a trial court, on remand from a reversal of a criminal gang enhancement, to resentence a defendant on the felonies related to the enhancement. Jackson argues that *Coble* plainly prohibits a trial court from resentencing on any felonies underlying a vacated criminal gang enhancement. Both parties' reliance on *Coble* is partially misplaced. *Coble* dealt with issues specific to habitual

---

[2] In addition to their reliance on *Coble*, both parties offer extensive arguments regarding whether this Court should adopt the sentencing doctrine known as the "sentencing package doctrine" or the "aggregate package theory." We observe that the legislature has shown a tendency to grant trial courts more sentencing discretion in recent years. *See* I.C. § 35-32-1-1(7) (instructing that the criminal code should be construed to "give judges maximum discretion to impose sentences based on a consideration of all the circumstances related to the offense"); *Cardwell*, 895 N.E.2d at 1222 (discussing the additional discretion granted to trial courts when the legislature moved from presumptive sentences to advisory sentences). However, considering the legislature's ongoing criminal code reform, we decline to evaluate the doctrine's applicability in Indiana at this time.

offender enhancements—not criminal gang enhancements—and cannot be mechanically applied to disputes outside that context. However, we find the general inquiry illustrated by *Coble* instructive here.

Coble was initially convicted of two counts of burglary and found to be a habitual offender. *Id.* at 228. The trial court sentenced him to concurrent terms of two years on each count. *Id.* It attached the habitual offender enhancement to count 2, enhancing it by thirty years. *Id.* On appeal, this Court reversed the habitual offender enhancement. *Id.* After vacating the enhancement on remand, the trial court sentenced Coble to consecutive terms of six years on count 1 and eight years on count 2. *Id.* Coble appealed again, and this Court reversed the trial court in part. *Id.* at 228–29. First, we reversed the change of Coble's sentence on count 1 because it "was not directly affected by the habitual offender status." *Id.* at 228. Second, we affirmed the change of the sentence on count 2 because the attachment of the enhancement to that count increased the punishment for that burglary offense from two years to thirty-two years. *Id.* at 229. Vacating the enhancement thus disturbed the punishment, and we found it "proper for the trial court to sentence [Coble] on [count 2], and to impose any sentence permissible under the statute." *Id.* (citing *Flowers v. State*, 518 N.E.2d 1096 (Ind. 1988)). Finally, we affirmed the trial court's change to consecutive sentences finding that the trial court had a duty to reassess its concurrent/consecutive determination after the initial sentence for count 2 was set aside. *Id.*

*Coble* provides two takeaways in the context of this appeal. First, *Coble*'s narrow holding shows an application of the specific law of habitual offender enhancements to the two particular offenses Coble committed to determine the trial court's sentencing authority on remand. Second, more broadly, *Coble* illustrates a general inquiry into how an enhancement affects the punishment for the offenses the defendant committed to determine a trial court's sentencing authority after vacating the enhancement. We find *Coble*'s specific application of the habitual offender enhancement statute unhelpful here, but its general inquiry is instructive in the context of criminal gang enhancements.

## A. The specific holdings of *Coble* are based on nuances of the habitual offender enhancement statute and related case law—not the criminal gang enhancement statute—and do not control here.

*Coble* involved a habitual offender enhancement, and its specific holdings relied on particular aspects of such enhancements. Because this appeal involves the criminal gang enhancement, which has important differences from the habitual offender enhancement, *Coble*'s specific holdings do not control here.

A habitual offender enhancement increases punishment based on recidivism and is not intrinsically related to the underlying offense it enhances. This enhancement increases the punishment for a current offense based on the ineffectiveness of past punishment to deter continued illegal behavior. *Funk v. State*, 427 N.E.2d 1081, 1086 (Ind. 1981); *Hall v. State*, 273 Ind. 507, 515, 405 N.E.2d 530, 535–36 (1980). *See generally* I.C. § 35-50-2-8 (Supp. 2015). As a result, the habitual offender enhancement is not intrinsically linked to any particular current offense. *See Greer*, 680 N.E.2d at 527. Nevertheless, this Court has consistently held that the trial court must specify to which underlying felony the enhancement applies. *See, e.g., Winn v. State*, 748 N.E.2d 352, 360 (Ind. 2001); *Johnson v. State*, 432 N.E.2d 1358, 1362 (Ind. 1982). *See also* I.C. § 35-50-2-8(j).[3] This specific application or "attachment" of the enhancement is necessary to avoid potential double jeopardy and Eighth Amendment problems. *Yager v. State*, 437 N.E.2d 454, 457 (Ind. 1982). Because habitual offender enhancements do not naturally relate to any particular underlying offense, the trial court must specifically attach the enhancement to an underlying offense.

A criminal gang enhancement, by contrast, is fundamentally related to its underlying felony or felonies. The enhancement increases punishment

---

[3] The legislature recently codified our case law in this regard and supplied a few additional specific instructions to trial courts. *See* Pub. L. No. 158-2013, § 661, 2013 Ind. Acts 1605 (adding subsection (j) and specifying the felony to which the enhancement should attach).

based on the manner in which the defendant committed the underlying felony or felonies. I.C. § 35-50-2-15(b) (2014 Repl.). Additionally, the increase in the defendant's sentence depends on the length of the sentence for the underlying felony or felonies. I.C. § 35-50-2-15(d). Thus, the criminal gang enhancement is fundamentally tied to the underlying felony or felonies. Because of this intrinsic connection and the basis for the enhanced punishment, the criminal gang enhancement does not experience the same potential constitutional pressures as the habitual offender enhancement, and there is no need for the trial court to specifically "attach" the criminal gang enhancement to an underlying felony.

*Coble* addressed issues related to habitual offender enhancements rather than criminal gang enhancements. While both enhancements increase the punishment of crimes, they differ in their aims, requirements, and results. Because of these differences, *Coble* cannot be mechanically applied to this case. The specific holdings of *Coble* providing a trial court's sentencing options on remand after vacating a habitual offender enhancement do not control a trial court's options after a criminal gang enhancement has been vacated.

## B. The general inquiry represented by *Coble*, however, is instructive here.

*Coble*'s relevance here is not its narrow holding but its general inquiry into the relationship between an enhancement and the punishment for the underlying offenses. This general inquiry asks: For what offense(s) does the enhancement provide an increased punishment? If the enhancement provides an increased punishment for a particular offense (or multiple offenses), the sentence for that offense (or those offenses) can be adjusted on remand after the enhancement is vacated because vacating the enhancement disturbs the punishment. Viewed in this light, the specific holdings of *Coble* can be understood as an application of this general inquiry in the context of habitual offender enhancements.

This general inquiry reflects the realities of sentencing. The Court of Appeals has noted that "[w]hen a[] habitual offender enhancement is to be

added to a defendant's sentence, it certainly is a factor in the trial court's decision of whether to impose the presumptive sentence for the underlying felony or to increase or decrease the presumptive sentence due to aggravating or mitigating circumstances." *Williams v. State*, 494 N.E.2d 1001, 1003 (Ind. Ct. App. 1986). This statement, based on the general understanding that an enhancement will increase a defendant's sentence, applies as equally to criminal gang enhancements as to habitual offender enhancements. The general inquiry into the connection between the enhancement and the underlying offense(s) that receives an increased punishment comports with this commonsense understanding of some of a trial court's sentencing considerations.

We find this general inquiry instructive in determining the trial court's authority to resentence Jackson on remand.

## II. Based on the statutory relationship between the criminal gang enhancement and its underlying felonies, a trial court on remand after vacating a criminal gang enhancement must resentence a defendant on the enhancement's underlying felonies.

We turn to the criminal gang enhancement statute to determine which underlying felony or felonies receive an increased punishment as a result of a criminal gang enhancement. We interpret statutes with a primary goal in mind: "to fulfill the legislature's intent." *Day*, 57 N.E.3d at 812. "[T]he 'best evidence' of that intent is the statute's language." *Id.* If the legislature has clearly and unambiguously expressed its intent in the statute, "we put aside various canons of statutory construction and simply 'require that words and phrases be taken in their plain, ordinary, and usual sense.'" *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898–99 (Ind. 2017) (citation omitted).

According to the unambiguous language of the criminal gang enhancement statute, a criminal gang enhancement increases the

punishment for all the underlying felonies the jury or court finds the defendant committed in connection with a criminal gang. The statute contemplates prosecutions in which a single felony alone or multiple felonies together provide a basis for the enhancement. I.C. § 35-50-2-15(d)(1)–(2). The statute then provides that "[a] sentence imposed under this section shall run consecutively to the underlying sentence." I.C. § 35-50-2-15(e).[4] In cases with multiple underlying felonies punished together, the "underlying sentence" will necessarily be the total sentence for those underlying felonies. In these situations, the additional term of imprisonment is "equal to the longest sentence imposed for the underlying felonies." I.C. § 35-50-2-15(d)(2). The result of this scheme is that, when multiple felonies provide the basis for the criminal gang enhancement, the enhancement increases a defendant's overall punishment by a term equal to the longest individual, underlying sentence. Effectively, the legislature has provided a system that groups the felonies underlying a criminal gang enhancement and increases the punishment on the group. Thus, because the criminal gang enhancement increases the punishment for all the underlying felonies, a trial court's authority on remand after a reversal of such an enhancement extends to resentencing on each underlying felony. The trial court's authority likewise extends to its determination as to whether the sentences for the underlying felonies should be concurrent or consecutive. *See Flowers*, 518 N.E.2d at 1097–99; *Gootee v. State*, 942 N.E.2d 111, 113–14 (Ind. Ct. App. 2011).

---

[4] Relying primarily on subsection (e) of the statute, Jackson argues that a criminal gang enhancement results in a separate sentence such that vacating the enhancement leaves the sentences on the underlying felonies undisturbed. Response to Pet. to Transfer, p. 6. While we agree that the subsection contemplates some difference in how the terms of imprisonment are served, we do not read it as creating sentences so separate as to be unrelated. As discussed throughout this opinion, the criminal gang enhancement statute provides an enhancement that is intimately related to its underlying felonies as well as the corresponding sentences. Despite any separation in the service of the sentences, vacating the enhancement still disturbs the punishment imposed on the underlying felonies. Finding otherwise would deny the enhancement's very nature and contravene the legislature's intent.

A stated purpose of the criminal code also confirms that our reading of the statute comports with the legislature's intent. "In determining legislative intent, we 'consider the objects and purposes of the statute . . . .'" *Kitchell v. Franklin*, 997 N.E.2d 1020, 1026 (Ind. 2013) (quoting *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003)). The legislature has provided that a purpose of the criminal code is to "give judges maximum discretion to impose sentences based on a consideration of all the circumstances related to the offense[.]" I.C. § 35-32-1-1(7). Our reading of the criminal gang enhancement statute provides trial courts with the discretion to craft an appropriate sentence without undue concern for what sentence might be left if an appellate court reverses the enhancement.

Here, the jury found the criminal gang enhancement applied to each felony offense charged. Based on the statutory formula, the trial court sentenced Jackson to an additional fixed term of imprisonment of thirty years. Thus, Jackson's punishment for committing the underlying felonies (Counts 1, 3, 4, 5, 6, 7, 8, and 9) was increased by thirty years because he committed each offense in the manner specified by the criminal gang enhancement statute. When the trial court vacates the criminal gang enhancement on remand, it will necessarily disturb the punishment originally imposed for the underlying felonies. With the original sentences disturbed, the trial court on remand must resentence Jackson on each underlying felony.[5]

# Conclusion

Based on the general inquiry from *Coble* and the unambiguous language of the criminal gang enhancement statute, a trial court on remand from a reversal of a criminal gang enhancement is to resentence

---

[5] The trial court may, in its discretion and subject to generally applicable resentencing limitations, *see, e.g.*, *Alabama v. Smith*, 490 U.S. 794, 798–803 (1989) (discussing the prohibition on vindictive sentences), impose the same sentence as originally pronounced for each underlying felony conviction or a different sentence allowed by statute.

the defendant on all the felonies underlying that enhancement. Thus, we remand to the trial court with instructions to follow the instructions given by the Court of Appeals that relate to those portions of *Jackson I* and *Jackson II* we have summarily affirmed, including the instruction to vacate the criminal gang enhancement.[6] We further instruct the trial court on remand to resentence Jackson on Counts 1, 3, 4, 5, 6, 7, 8, and 9 in accordance with this opinion.

Rush, C.J., and David, Massa, and Slaughter, JJ., concur.

ATTORNEY FOR APPELLANT
Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

---

[6] This includes correcting the judgment of conviction, sentencing order, abstract of judgment, and any other orders that reflect the erroneous attachment of the criminal gang enhancement to Count 1.