## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2020, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Marzono Shelly
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marzono Shelly,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

April 22, 2020

Court of Appeals Case No.
19A-CR-1475

Appeal from the LaPorte Circuit
Court

The Honorable Thomas J.
Alevizos, Judge

Trial Court Cause No.
46C01-1201-MR-31

**Rucker, Senior Judge.**

[1] Marzono Shelly appeals pro se from the denial of his Motion To Correct Sentence. We affirm in part and remand.

# Facts and Procedural History

[2] Arising out of the shooting death of a 73-year-old victim in his own home, after a trial by jury in August 2013, then 36-year-old Marzono Shelly was convicted of Count I Murder[1] a felony, Count II Felony Murder[2] a felony, Count III Robbery[3] a class A felony, and Count IV Serious Violent Felon in Possession of a Firearm[4] a class B felony. In Count V he was adjudged a habitual offender.[5] At the March 20, 2014 sentencing hearing, the trial court merged Shelly's conviction for felony murder with his conviction for murder. Shelly was sentenced to sixty-five years for the murder conviction, thirty years for the class A felony robbery conviction, ten years for the class B felony violent felon in possession of a firearm conviction, and thirty years for the habitual offender adjudication. With the exception of the class B felony violent felon in possession of a firearm sentence—which was to be served concurrently with the murder sentence—the trial court ordered all sentences to be served consecutively, resulting in a total executed term of 125 years.

[3] Shelly appealed raising several claims including the trial court placed him in double jeopardy by entering judgments of conviction for murder, felony murder, and class A felony robbery. This Court agreed, reversed the trial court

---

[1] Ind. Code §35-42-1-1(1) (2007).

[2] Ind. Code §35-42-1-1(2).

[3] Ind. Code §35-42-5-1 (1984).

[4] Ind. Code §35-47-4-5 (2006).

[5] Ind. Code §35-50-2-8 (2005).

in part and remanded for resentencing. Specifically, the Court declared "we reverse and order the trial court to vacate Shel[l]y's convictions for felony murder and class A felony robbery. On remand, the trial court is instructed to enter judgment of conviction on class C felony robbery and revise Shel[l]y's sentence accordingly. We affirm the judgment of the trial court as to all other issues raised." *Shelly v. State*, 2015 WL 1228314, slip op. *1 (Ind. Ct. App. March 17, 2015).

[4] On June 7, 2016 Shelly filed a pro se petition for post-conviction relief which he amended November 14, 2016. In his amended pro se petition, Shelly raised numerous claims which this court summarized as follows: (1) whether the trial court abused its discretion by allowing the State to amend the habitual offender charge; (2) whether the conviction of possession of a firearm by a violent offender and the habitual offender enhancement violated double jeopardy; (3) whether he was prejudiced by an allegedly improper jury instruction regarding motive; (4) whether the trial court erred by not giving an involuntary manslaughter instruction to the jury; (5) whether certain jury instructions were ambiguous; (6) whether the trial court abused its discretion in denying a motion for mistrial; and (7) whether the trial court abused its discretion in denying a motion for judgment on the evidence. *See Shelly v. State*, 2018 WL 3488353 (Ind. Ct. App. July 20, 2018).

[5] After a hearing the post-conviction court denied the petition. On appeal this Court noted the claims Shelly raised were known and available on direct appeal but not raised at the time. We declared, "It is . . . well-settled that, because a

post-conviction relief proceeding is not a substitute for direct appeal but rather a process for raising issues unknown or not available at trial, an issue known and available but not raised on direct appeal may not be raised in post-conviction proceedings." *Id.* at *3 (citing *Mills v. State*, 868 N.E.2d 446, 452 (Ind. 2007)). This court thus affirmed the judgment of the post-conviction court.

Thereafter on May 13, 2019 Shelly filed pro se his Motion To Correct Sentence. Referring both to the sentence upon remand as well as the original sentence Shelly made three claims which we summarize as: (1) the trial court placed him in double jeopardy by entering judgments of conviction for murder and felony murder; (2) the trial court improperly treated the habitual offender adjudication as a separate offense; and (3) the trial court further erred by ordering the 30-year sentence be served consecutively to the other sentences imposed. The trial court denied the motion. This pro se appeal followed.

## Discussion and Decision

### I.

We first observe that in addition to the claims raised in his Motion To Correct Sentence, on appeal Shelly raises four additional claims which we summarize as: (1) whether the trial court abused its discretion by allowing the State to amend the habitual offender charge; (2) whether the conviction of possession of a firearm by a violent offender and the habitual offender enhancement violated double jeopardy; (3) whether he was prejudiced by an allegedly improper jury

instruction regarding motive; and (4) whether the trial court erred by not giving an involuntary manslaughter instruction to the jury.

[8] Shelly did not present these claims to the trial court in his Motion To Correct Sentence. An issue may not be raised for the first time on appeal. These issues are waived. *See Koons v. State*, 771 N.E.2d 685, 691 (Ind. Ct. App. 2002), *trans. denied*. Further, and perhaps even more importantly, these additional claims were among the precise claims Shelly made in his petition for post-conviction relief. The post-conviction court denied the petition and this Court affirmed. These claims are now barred by the doctrine of law of the case and may not be relitigated. *See State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind. 1989) (declaring "The doctrine of the law of the case stands for the proposition that an appellate court's determination of a legal issue is binding in subsequent appeals given the same case and substantially the same facts, and is based upon the sound policy that when an issue is once litigated and decided, that should be the end of the matter.") (internal citation and quotation omitted). We proceed to the issues properly before us.

## II.

[9] Shelly complains the trial court erred in denying his Motion To Correct Sentence. Our Court reviews a trial court's ruling on a motion to correct sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). We will find an abuse of discretion if "the trial court's decision is against the logic and effect of the facts and circumstances before

it." *Id.* While we defer to the trial court's factual determinations, we review legal conclusions de novo. *Id.*

[10] A motion to correct erroneous sentence is appropriate only when the sentence is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004) (internal quotation omitted). Such a motion may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Id.* "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.*

[11] With regard to the sentence upon remand, both in his Motion To Correct Sentence before the trial court and in his Brief before this Court, in a rambling discourse, Shelly makes the same double jeopardy arguments made on direct appeal. Eventually however Shelly gets to the heart of his argument. He contends in relevant part "[a]t [the]hearing of September 8, 2015, the court failed to vacate the Felony Murder, Count II as was remanded to the court to vacate." Appellant's Br. p. 11.

[12] In its sentencing order upon remand the trial court declared:

> The Court, having had this matter under advisement and considered the previously prepared written Pre-Sentence Investigation Report, now finds:

The Court now enters a judgment of conviction against the Defendant, Marzono Shelly, to Count III, Robbery, as a Class C Felony.

The Defendant, Marzono Shelly, who is a male person, 38 years of age, is guilty of Count III, Robbery, as a Class C Felony.

The Court finds the following aggravating factors:

1. The Defendant has an extensive criminal history including a specific history for manslaughter.

2. The Defendant has recently violated the terms of his parole.

The Court finds no mitigating factors. Therefore, the aggravating factors outweigh any mitigating factors.

IT IS ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, Marzono Shelly, shall be committed to the custody of the Indiana Department of Correction for a period of six (6) years.

THE COURT FURTHER FINDS that zero (0) days of the sentence of imprisonment shall be suspended.

The new sentence imposed under Count III, Robbery, is consecutive to the other counts which have been undisturbed by the Court of Appeal's decision.

The Defendant is remanded back into the custody of the Sheriff upon the execution of the judgment of this Court.

Appellant's Am. App. Vol II, pp. 31-32. No reference was made to that portion of the Court of Appeals' remand order directing the trial court to vacate Shelly's conviction for felony murder. However, that fact is not dispositive.

[13] In denying Shelly's Motion To Correct Sentence the trial court declared in relevant part:

> Petitioner, MARZONO SHELLY, pro se, files his Motion to Correct Sentence. The Court, being duly advised, now orders as follows:
>
> 1. Petitioner asserts that the merged convictions for murder and felony murder by this Court violated double jeopardy.
>
> 2. Petitioner raised this same issue on direct appeal to the Court of Appeals of Indiana. Per their July 20, 2018 decision, *this Court was ordered to "vacate the felony murder conviction and remanded the case to enter a judgement for robbery, as a class C felony." **This Court adhered to the decision** and revised his sentence accordingly*.

*Id.* at 27 (emphasis added). We take the trial court's declaration at face value. Although the sentencing order on remand is silent on the question of whether the trial court vacated the felony murder conviction, it is possible the trial court issued—and was referring to—a separate order addressing this point. In essence to resolve this claim would require examining evidence outside the four corners of the sentencing order. A motion to correct erroneous sentence is appropriate only when the sentence is "erroneous on its face." *Robinson*, 805 N.E.2d at 786. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct

sentence. *Id.* Here, the error of which Shelly complains is not clear from the face of the sentencing order. On this issue we affirm the trial court.

## III.

As to the original sentencing order Shelly next contends the trial court improperly treated the habitual offender adjudication as a separate offense and further erred by ordering the 30-year sentence be served consecutively to the other sentences imposed.

The record shows that in its original sentencing order the trial court made several representations concerning the habitual offender finding. In relevant part the court declared:

> *[J]udgment of conviction* is entered on Count V. Defendant is found to be an habitual offender.
>
> Defendant's sentence is enhanced by a period of thirty (30) years executed in the Department of Correction as an habitual offender under Count V. By law, *the habitual offender term of thirty (30) years is served consecutively to the other sentences imposed*.

Appellant's Am. App. Vol II, pp. 40, 41 (emphases added).

Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive sentence. *Greer v. State*, 680 N.E.2d 526, 527 (Ind. 1997). In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must

specify the conviction to be so enhanced. *Id.* This specific application or "attachment" of the enhancement is necessary to avoid potential double jeopardy and Eighth Amendment problems. *Jackson v. State*, 105 N.E.3d 1081, 1086 (Ind. 2018).

[17] In this case the trial court treated the habitual offender status as a separate conviction with a separate sentence. This was error clear from the face of the judgment. Thus, we remand with instructions to amend the sentencing order to show Shelly's habitual offender finding is attached to only one of the convictions and enhance the sentence for that conviction accordingly.

# Conclusion

[18] The Judgment of the trial court is affirmed in part. This cause is remanded.

Bradford, C.J., and Mathias, J., concur.